DETERMINED IN THE

# FIRST DEPARTMENT

AT

# GENERAL TERM,

## May, 1891.

## THE PEOPLE OF THE STATE OF NEW YORK EX REL. THOMAS CECIL, APPELLANT, v. THE BELLEVUE HOSPITAL MEDICAL COLLEGE OF THE CITY OF NEW YORK, OF THE STATE OF NEW YORK, RESPONDENT.

*Medical college — an arbitrary refusal of a degree to a student who has complied with the terms stated in its circulars is improper — mandamus is the proper remedy.*

A medical college, incorporated under the Laws of the State of New York for the purpose of giving instruction in medicine, issued a circular specifying the fees to be paid by students; their course of study and the qualifications they must possess to entitle them to the degree of doctor of medicine.

A student, who entered the college for the purpose of taking a regular course of study and procuring the degree of doctor of medicine, completed the course of study, having fulfilled all the conditions entitling him to present himself for final examination. The college refused to allow him to pass the final examination or to give him a degree, and assigned no reason for such refusal.

*Held*, that the circular issued and the matriculation of the student thereunder constituted a contract between him and the college; and that, upon complying with its terms, he was entitled to his degree.

That an arbitrary refusal to give the degree was unjustifiable, and that the proper remedy of the student aggrieved was by *mandamus*.

APPEAL by the relator, Thomas Cecil, from an order, entered in the clerk's office of the county of New York on the 24th day of April, 1891, denying his motion for a writ of *mandamus* to compel the officers of the defendant to permit him to be examined upon his final examination, and if found duly qualified to permit him to graduate and to give him the degree of doctor of medicine.

*Seaman Miller*, for the appellant.

*Allen McCulloh*, for the respondent.

VAN BRUNT, P. J.:

The respondent is a medical college, duly incorporated under the laws of the State of New York for the purpose of giving instructions in medicine, and, by its circulars issued, it specifies the fees which are to be paid by students, their course of study and the qualifications which they must possess in order to entitle them to the degree of doctor of medicine.

The relator entered said college for the purpose of taking the regular course of study in that institution and procuring the decree of doctor of medicine. At the end of such course, and having fulfilled all the conditions entitling him to present himself for final examination, he was informed by the secretary of the faculty that he would not be allowed to present himself for final examination, nor would said corporation grant him the degree of doctor of medicine.

In answer to this application the respondent presents no ground whatever for its action, but insists that it has the right arbitrarily, without any cause, to refuse the relator his examination and degree.

It seems to us clear that such a position cannot for a moment be entertained. The circulars of the respondent indicate the terms upon which students will be received, and the rights which they were to acquire by reason of their compliance with the rules and regulations of the college in respect to qualifications, conduct, etc. When a student matriculates under such circumstances, it is a contract between the college and himself that if he complies with the terms therein prescribed he shall have the degree, which is the end to be obtained. This corporation cannot take the money of a student, allow him to remain and waste his time (because it would be a waste of time if he cannot get a degree), and then arbitrarily refuse, when he has completed his term of study, to confer upon him that which they have promised, namely, the degree of doctor of medicine which authorizes him to practice that so-called science.

It may be true that this court will not review the discretion of the corporation in the refusal, for any reason or cause, to permit a student to be examined and receive a degree; but where there is an

absolute and arbitrary refusal, there is no exercise of discretion. It. is nothing but a willful violation of the duties which they have assumed.

Such a position could never receive the sanction of a court in which even the semblance of justice was attempted to be administered.

The order appealed from should be reversed and the motion granted, with ten dollars costs and disbursements.

DANIELS, J., concurred.

Order reversed, with ten dollars costs and disbursements.