THE PEOPLE OF THE STATE OF NEW YORK ex rel. THE EMPIRE CITY TROTTING CLUB, Respondent, v. THE STATE RACING COMMISSION et al., Appellants.

RACING — MANDAMUS TO COMPEL STATE COMMISSION TO GRANT LICENSE.   Mandamus will lie to compel the state racing commission to issue a license to conduct races, when the refusal to grant such license was on the grounds, which must be considered capricious and arbitrary, that the racing season had been divided up among six other tracks, that the allotment of dates was a proper regulation of racing and that to grant it would interfere with racing upon other tracks.   There is no provision in the statute (L. 1895, chap. 570) authorizing the commission to allot particular dates on which races on the various tracks may be run, but merely to grant or refuse a license to hold races and then the refusal

must not be arbitrary. The object of the statute was to insure the proper conduct of racing, not to prevent competition between the several racing associations, nor to secure any special pecuniary benefit to any of them.

*People ex rel. Empire City Trotting Club* v. *State Racing Commission,* 120 App. Div. 484, affirmed.

(Argued October 8, 1907; decided November 19, 1907.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered June 28, 1907, which reversed an order of Special Term denying a motion for a peremptory writ of mandamus to compel the state racing commission to issue a license to the relator and granted such writ.

The facts, so far as material, are stated in the opinion.

*Joseph S. Auerbach* and *Welton C. Percy* for appellants. The construction below overlooks, or seeks to overthrow, the broad distinction which exists between ordinary and useful occupations on the one hand and the maintenance of public exhibitions and amusements on the other. (*Munn* v. *Illinois,* 94 U. S. 113 ; Dillon on Mun. Corp. [4th ed.] § 357 ; Cooley on Const. Lim. [7th ed.] 876 ; Cooley on Taxn. [3d ed.] 1144 ; *Chilvers* v. *People,* 11 Mich. 43 ; *St. Paul* v. *Troyon,* 3 Minn. 291 ; *City of Burlington* v. *Bumgardner,* 42 Iowa, 673 ; *Lottery Case,* 188 U. S. 321 ; *Crowley* v. *Christensen,* 137 U. S. 85 ; *Grainger* v. *D. P. Assn.,* 148 Fed. Rep. 513 ; *State* v. *Roby,* 142 Ind. 168 ; *Gilmore* v. *City of Utica,* 121 N. Y. 561 ; *People ex rel.* v. *Squire,* 107 N. Y. 593 ; *People ex rel. Schwab* v. *Grant,* 126 N. Y. 473.) The act is restrictive in its objects, and the right of racing in this state is a limited one, depending upon the approval of the state racing commission. (*Grannan* v. *W. R. Assn.,* 153 N. Y. 449.) Mandamus will not lie to compel an official board to render a particular decision, if the board is vested with any discretion in the matter under the statute. (Spelling on Ex. Rem. § 1348 ; *People ex rel. Francis* v. *Common Council,* 78 N. Y. 39 ; *People ex rel. Bliei* v. *Martin,* 131 N. Y. 196 ; *People ex rel. Harris* v. *Comrs.,* 149 N. Y. 26 ; *People ex*

1907.] People ex rel. E. C. T. Club *v.* State R. Com. 33

N. Y. Rep.]                    Opinion *Per Curiam.*

rel. *Wooster* v. *Maher,* 141 N. Y. 330; *Matter of Dill,* 185 N. Y. 106; Code Civ. Pro. § 2070; *Matter of Haebler,* 149 N. Y. 414; *People ex rel.* v. *Keating,* 168 N. Y. 390; *People ex rel.* v. *N. Y. C. & H. R. R. R. Co.,* 156 N. Y. 570.)

*James Russell Soley* for respondent. The judgment of the commission in determining whether a proper case is shown in which a license should be issued is limited to the examination of the qualifications of the particular applicant. (*People ex rel. Worth* v. *Grant,* 58 Hun, 455; *People ex rel. Otsego Bank* v. *Bd. of Suprs.,* 51 N. Y. 401; *Bd. of Suprs.* v. *U. S.,* 71 U. S. 435; *City of Galena* v. *Amy,* 72 U. S. 705.) The court, in reviewing the action of an administrative officer or body, upon an application for a mandamus, will determine the character and extent of the authority under which the action is taken. Where the authority is discretionary, either wholly or in part, it will determine whether the limits of the discretionary authority have been exceeded, or whether the discretion has been abused, or arbitrarily exercised, and will direct action accordingly. (*People ex rel. Schau* v. *McWilliams,* 185 N. Y. 92; *Ramsay* v. *Hayes,* 187 N. Y. 367; *Comm.* v. *City of Philadelphia,* 176 Penn. St. 588; *People ex rel. Cooke* v. *Stewart,* 77 App. Div. 181; Spelling on Injunctions [2d ed.], 1196; *People ex rel. Cecil* v. *B. H. M. College,* 60 Hun, 107.)

*Per Curiam.* Though we do not concur in the doctrine of the majority of the learned Appellate Division that the commission has no discretionary powers over the grant of a license and that "its judgment related purely to the sufficiency of the acts constituting the corporation, and not to considerations of public or private policy," we are still of opinion that the order of the Appellate Division should be affirmed. While the general rule is that mandamus will not lie to compel the performance of a power the exercise of which lies in the discretion of the officer against whom the writ is sought, to that rule there is the well-recognized exception that the action of the officer must not be capricious or arbitrary, and

3

if such be the character of the reasons for refusing to act
the writ will lie.   (Merrill on Mandamus, secs. 38–41; *Peo-
ple ex rel. Cecil* v. *Bellevue Hospital Medical College*, 60
Hun, 107; affd. on op. below, 128 N. Y. 621; *People ex
rel Schau* v. *Mc Williams*, 185 N. Y. 92; *Illinois State
Board of Dental Examiners* v. *People ex rel. Cooper*, 123
Ill. 227.)   In the very recent case of *People ex rel. Lodes* v.
*Department of Health* (189 N. Y. 187) we have said, through
Haight, J., referring to the action of the board in revoking a
license: "If, however, their action is arbitrary, tyrannical or
unreasonable, or is based upon false information, the relator
may have a remedy to right the wrong which he has suffered."
There are to be found in the affidavits in answer to the appli-
cation for the writ denials by the appellants that the relator
has complied with the requirements of the statute, and that he
is entitled to a license.   But these denials in gross are merely
of conclusions, and too indefinite to raise an issue to defeat a
peremptory writ where the facts should have been explicitly
alleged.   (*Matter of Freel*, 69 N. Y. S. R. 271; affd., 148
N. Y. 165; *People ex rel. Beck* v. *Coler*, 34 App. Div. 167, 170;
*People ex rel. Goodwin* v. *Coler*, 48 id. 492–494; *Matter of
Pierce, Butler & P. Mfg. Co.*, 62 Hun, 265; affd., 131 N. Y.
570.)   The only specific reasons given by the respondents for
refusing to issue the license to the relator are that the racing
season allowed by law, to wit, from April 15th to November
15th, in each year, has been divided up among six other tracks
in the vicinity of the city of New York and the Saratoga Racing
Association, that the allotment of dates is a proper regulation
of racing, and that to grant the relator any dates would inter-
fere with the racing upon the other tracks.   None of these
considerations, in our opinion, had the commission the right
to entertain, nor should they have had any influence on its
action.   The object of the statute vesting authority in the
commission was to insure that racing in this state was prop-
erly and honestly conducted, not to prevent competition
between the several racing associations, nor to secure any
special pecuniary benefit to any of them.   There is no pro-

vision in the statute authorizing the commission to allot particular dates on which races on the various tracks may be run, but merely to grant or refuse a license to hold races. If the theory on which the commissioners have acted in this case were to be approved, new incumbents of the office might arbitrarily favor other race tracks and deny the associations owning the present tracks, in which large sums of money have been invested, a license to hold races. Surely, the legislature, when it authorized the incorporation of racing associations, never contemplated that the capital invested in the building of the tracks should be subject to such arbitrary destruction. Though we assume that the appellants have acted in entire good faith and in the belief that they possessed the authority they have sought to exercise, we must nevertheless hold that in point of law their reasons for rejecting the application of the relator were capricious and arbitrary.

The order appealed from should be affirmed, with costs.

Cullen, Ch. J., Haight, Vann and Chase, JJ., concur; O'Brien, Edward T. Bartlett and Hiscock, JJ., dissent.

Order affirmed.