PEOPLE ex rel. COSBY v. ROBINSON, Commissioner of Licenses.

(Supreme Court, Appellate Division, First Department.   December 30, 1910.)

1. MANDAMUS (§ 87*)— MUNICIPAL OFFICERS — COMMISSIONER OF LICENSES — EMPLOYMENT AGENCIES—TRANSFER OF RIGHTS.

On May 3, 1910, the relator obtained a license for one year to carry on the business of an employment agency at a specified place, and in the following September he sold the fixtures and good will at that location, but did not transfer or assign his license. Under chapter 700, Laws 1910, amending chapter 25, Laws 1909 (Consol. Laws, c. 20), known as the "General Business Law," which regulates the business of employment agencies in cities, relator on November 1, 1910, applied to respondent, commissioner of licenses, to consent to  the change of location of the business to be transacted under such license to a different place, which was alleged to comply in all respects with the requirements of the statute, but the respondent refused to consent to such change because he believed that relator was not a person of good character. *Held* that, although the commissioner acted in good faith, the fact that his sole reason for refusing his consent was untenable, rendered his refusal, in a legal sense, an arbitrary act, and mandamus would lie to compel the commissioner to act.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 189–194; Dec. Dig. § 87.*]

2. MANDAMUS (§ 72*)—MUNICIPAL OFFICERS—MATTERS OF DISCRETION—ARBITRARY ACTS.

To the general rule that mandamus will not lie to compel the performance of a power, the exercise of which lies in the discretion of the officer against whom the writ is sought, there is the well-recognized exception that the action of the officer must not be capricious or arbitrary, and, if such be the character of the reason for refusing to act. the writ will lie.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. § 134;  Dec. Dig. § 72.*]

3. MANDAMUS (§ 3*)—LICENSE FOR EMPLOYMENT AGENCY—REFUSAL TO ISSUE LICENSE—REVOCATION OF LICENSE—REFUSAL TO CONSENT TO TRANSFER OF LICENSE—STATUTES—CERTIORARI.

General Business Law (Laws 1909. c. 25 [Consol. Laws, c. 20]) § 191, as added by Laws 1910, c. 700, relating to employment agencies, provides that "whenever said mayor or commissioner of licenses shall refuse to issue or shall revoke the license of an employment agency, said determination may be reviewed by certiorari." The relator brought a petition for a writ of mandamus to compel the commissioner of licenses to consent to his carrying on his licensed business at another location. *Held.* that while the section makes certiorari the appropriate remedy to review the refusal to grant a license, or the revocation of a license, or the transfer of a license, those things being judicial in their nature, and calling for regular hearings and the taking of testimony, it does not expressly apply to an application for consent to the change of the location of a licensed business, and, if the action of the commissioner be arbitrary, the relator had a remedy by mandamus.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 8–34;  Dec. Dig. § 3.*]

Appeal from Special Term, New York County.

Action by the people, on the relation of Wilbur C. Cosby, against Herman Robinson, as Commissioner of Licenses of the City of New

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

York. From an order of Special Term denying a motion for a peremptory writ of mandamus, the relator appeals.  Order reversed.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, MILLER, and DOWLING, JJ.

Charles Simon, for appellant.
Harry Crone, for respondent.

SCOTT, J.  This is an appeal from an order denying relator's application for a peremptory writ of mandamus to compel the defendant, as commissioner of licenses, to consent to a change of the location of the business of an employment agency for which the relator holds an unexpired license.  The business of employment agencies in cities is strictly regulated by law (chapter 700, Laws 1910, amending chapter 25, Laws 1909, known as the "General Business Law" [Consol. Laws, c. 20]).  To carry on the business, a person must take out an annual license, and pay a fee, and the license may not be assigned or transferred or the location in which the business under it is conducted changed, without the consent of the mayor or the commissioner of licenses.

On May 3, 1910, the relator obtained a license authorizing him to carry on the business at No. 689 Sixth avenue in the city of New York.  On September 1, 1910, he sold out the fixtures and good will of his place of business to one Kirwin Burke, but did not assign or transfer his license which was valid until May 2, 1911.  On November 1, 1910, relator applied to respondent to consent to the change of location of the business to be transacted under said license to No. 628 Sixth avenue.  Relator alleges that the place in which he wished to conduct business complied in all respects with the requirements of the statute, and, as this is not denied, it must be accepted as true. The respondent refused to consent to the change of location, however, because he believed from an inquiry made by him that relator when he sold out his business to Burke had agreed not to engage in the same business elsewhere, and he considered that relator was not a person of good character because he was willing to violate this agreement.  The commissioner had no power or jurisdiction to determine any such question, or to undertake to specifically enforce any such agreement, if it was in fact made, and the learned corporation counsel, very properly, makes no attempt to justify the reasons given by respondent for his refusal to act.  He does, however, seek to sustain the order appealed from on the ground that mandamus is not the proper remedy.  It may be conceded that the matter of consenting to a change of location is to some extent committed to the discretion of the mayor or the commissioner of licenses, but that fact alone does not prevent the issuance of a writ of mandamus to compel them to act.  It was said by the Court of Appeals in People ex rel. Empire City Trotting Club v. State Racing Commission, 190 N. Y. 31, 82 N. E. 723:

"While the general rule is that mandamus will not lie to compel the performance of a power the exercise of which lies in the discretion of the officer against whom the writ is sought, to that rule there is the well-recognized

exception that the action of the officer must not be capricious or arbitrary, and, if such be the character of the reason for refusing to act, the writ will lie."

This quotation is fortified by many authorities and exactly fits the present case. Although the respondent doubtless acted in good faith, believing that he was within his jurisdiction, the fact that his sole reason for refusing his consent is untenable renders his refusal, in a legal sense, an arbitrary act. Mandamus may therefore issue against him unless the statute forbids.

Section 191 of the act above cited provides that:

"Whenever said mayor or commissioner of licenses shall refuse to issue, or shall revoke the license of an employment agency, said determination may be reviewed by certiorari."

It is argued that this provision furnishes the exclusive remedy available to a person aggrieved by the action or the refusal to act of the respondent. It will be observed that the sentence quoted applies in terms only to the refusal to issue a license and to the revocation of a license, and does not in terms apply to the refusal to consent to a change of location of a business already licensed. The reason for this distinction becomes obvious upon an examination of the statute. The proceedings both upon the grant of a license (section 174) and upon a revocation (section 191) are judicial in their nature, and call for regular hearings and the taking of testimony under oath; the predominant consideration being the character and conduct of the person applying for or holding the license. So, also, where it is desired to transfer a license from one person to another a similar procedure is prescribed; the important consideration again being the character of the proposed transferee (section 176). To review such quasi-judicial proceedings, the writ of certiorari is an appropriate remedy. Not so, however, in the case of an application for consent to change the location of a business already licensed. As to such an application, no course of procedure is prescribed by the act, and obviously no such inquiry is necessary as should be made upon an application for a license or in a proceeding for revocation. The character of the holder of the license is not a subject for inquiry. All that is required is that the fitness of the proposed new location shall be passed upon, and this can be ascertained by the report of an inspector. If a person holds an unrevoked license authorizing him to engage in the business, and proposes to carry on that business in a proper place, a refusal to consent to a change of location would be merely arbitrary. If the commissioner is of opinion that the holder of a license is an unfit person to carry on the business, the orderly and prescribed method of procedure is to institute a proceeding under the statute to revoke the license.

The order appealed from must be reversed, with $10 costs and disbursements, and the application granted. All concur.