In the Matter of the Application of the EMPIRE HOME FURNISHERS, INC., Petitioner, for a Peremptory Order of Mandamus against J. WARD WHITE, as Mayor of the City of Schenectady, New York, Respondent.

Supreme Court, Schenectady County, April 5, 1932.

*George A. Marcus,* for the petitioner.

*McDonald King, First Assistant Corporation Counsel,* for the respondent.

HEFFERNAN, J. This is an application for a peremptory order of mandamus to compel the mayor of the city of Schenectady to issue to petitioner, a furniture dealer, a permit to conduct a public auction of its wares in that city. No disputed question of fact is raised and only questions of law are involved.

There is an ordinance in the city of Schenectady regulating the sale of goods at public auction. In compliance with the provisions of that ordinance petitioner duly applied to the mayor for a permit to conduct an auction sale. The mayor declined to grant the license. The ordinance provides, among other things, that " the granting of a license under this ordinance shall rest in the discretion of the Mayor of the City of Schenectady, if, for any good and sufficient reason, after investigation, the Mayor in his opinion deems the granting of such license inadvisable."

Under these provisions the mayor is vested with discretion to approve or disapprove an application for a license. There is a limit, however, to the exercise of his discretion. It must be exer-

cised, not arbitrarily or capriciously, but fairly and impartially and in the public interests. The papers presented to me, including the mayor's own affidavit, disclose that his refusal to issue the license is based on protests received from petitioner's competitors and because the chamber of commerce has refused to consent to the application. In his sworn statement the mayor naively says: " Deponent further says that he told the attorney for the petitioner that if the said petitioner secured a written statement approving the granting of such permit to hold the said auction sale for an additional ten days period, by the said chamber of commerce and withdrawing its objection to the same, that he would grant such permit, if advised by his counsel that he could legally do so. That petitioner has failed to secure the same and deponent believes, from statements made to him by the Secretary of the said chamber of commerce and by the other furniture dealers of the city of Schenectady, that such approval will not be given." While the general rule is that mandamus will not lie to compel the perform-ance of a power the exercise of which lies in the discretion of the officer against whom the writ is sought, to that rule there is the well-recognized exception that the action of the officer must not be capricious or arbitrary, and if such be the character of the reasons for refusing to act the writ will lie. (*People ex rel. E. C. T. Club v. State R. Comm.*, 190 N. Y. 31.)

The mayor is justified in refusing to grant a license only when there is good and sufficient reason for his action. The objection of petitioner's competitors and the refusal of the chamber of commerce to consent thereto are not sufficient. These are not grounds which the mayor may consider on an application of this character. Of course it is to be expected that those engaged in a competing business would object to an auction sale. The mayor has no right, however, to entertain such protests, much less to permit them to influence his official action. He is not the champion of private rights; his duty is to guard the public interest. In order to justify his action here it is incumbent upon him to estab-lish that the public interests necessitate the denial of the applica-tion. This ordinance was not adopted for the purpose of stifling competition in any line of activity. The fact that some particular class or trade may suffer pecuniarily is no reason why the mayor should exercise his discretion unfavorably to petitioner.

It is impossible to escape the conclusion that the action of the mayor in refusing to issue the permit in question is arbitrary, capricious and unreasonable. The petitioner is entitled to a per-emptory order of mandamus to compel him to right the wrong. It is so ordered.