In the Matter of ARNOLD H. MARKS et al., Respondents, against REGENTS OF THE UNIVERSITY OF THE STATE OF NEW YORK et al., Appellants.

Third Department, March 12, 1952.

*Charles A. Brind, Jr.,* and *Elizabeth M. Eastman* for appellants.

*Nicholas H. Pinto* and *Grover M. Moscowitz* for respondents.

*Harold Kohn* for New York State Optometric Association, *amicus curiæ.*

BREWSTER, J. From in March into September, 1950, petitioners filed applications for permission to take an examination for registration and licensure to the practice of optometry. As qualifying evidence each had presented proof of graduation from one of four optometry schools, none of which met the standards prescribed by section 7105 of the Education Law. Prior to the filing of the applications the Regents had, however, accepted graduation from said schools as satisfactory qualifying evidence in lieu of the statutory prescription. This they had done upon an equivalency basis in exercise of their discretionary powers granted by section 211 of the statute. (Education Law, § 211, subd. 2.) On November 17, 1950, as a result of an investigation of said schools which they made during the preceding summer, the Regents amended their former action under section 211 by an additional requirement of the completion of an applicant's final year of study in a registered school of optometry as described by the statute, or a year of postgraduate study therein. Thereafter the Regents adhered to the resultant ineligibility of petitioners and the insufficiency of their evidence of professional education.

While the order appealed from, in terms, annuls the denial of petitioners' requests for a reconsideration of the Regents' advices of their ineligibility and directs the Regents to admit them to examination, its purport and effect is to modify the aforesaid rule or order adopted by the Regents on November 17, 1950, by making it inapplicable to petitioners. No question is raised as to the legality or propriety of that action by the Regents except as to its application to petitioners. Thus the order, in effect, has substituted the court's judgment of the sufficiency of the evidence of petitioners' professional education in place of that pronounced by the Regents. This action, perforce, caused entry into a field of legislative or administra-

tive discretion wherein the power of the court is much limited; where it is confined to the redress of wrong occasioned by arbitrary or capricious action or nonaction, and where relief in the nature of mandamus may only be awarded upon the establishment of a clear legal right thereto. (*Matter of Stracquadanio* v. *Department of Health*, 285 N. Y. 93, 95–96; *Matter of Small* v. *Moss*, 277 N. Y. 501, 507; *Matter of Larkin Co.* v. *Schwab*, 242 N. Y. 330, 335.) In *People ex rel. Empire City Trotting Club* v. *State Racing Comm.* (190 N. Y. 31) the relief was granted because the refusal to act was for reasons which were not within the purview of the power to withhold action. Although all this was clearly acknowledged by the court below it justified its interference on equitable grounds, viz., that in attending the unregistered schools the petitioners had relied upon a continuance of the recognition then accorded by the Regents in their action under section 211, and that such was withdrawn after they had graduated and had applied for examination for admission to practice their chosen profession, with consequent divers results of hardship.

It must be recognized that no legal rights of a contractual nature are concerned. In their acquirement of the evidence of professional education which they presented with their applications, and in the filing thereof, no contractual relations were created and no fixity was occasioned in the rule or policy which obtained by virtue of the discretionary exercise of the power permitted by section 211. The question is whether the action which the Regents took on November 17, 1950, which, in its general aspect was one soundly performed in the public interest, was, as to these petitioners, arbitrary and capricious because of its failure to have exempted them from its consequences, in that they had expended time, efforts and money in reliance upon the continuance of a former regime. We are dealing with the matter of the compulsion of official action in its field of discretionary power. Therein our limited power is distinctly one of law. Only clear legal rights may be enforced. The problem is not set before us on the equity side. In *Matter of Larkin Co.* v. *Schwab* (*supra,* p. 336) it was said: " The mere fact that consents were granted to owners of premises somewhat similarly situated does not in itself show that consent was arbitrarily refused to this applicant. The question is not whether someone else has been favored. The question is whether the petitioner has been illegally oppressed. Exercise of discretion in favor of one confers no right upon another to demand the same decision. Unlimited discretion vested in an adminis-

trative board by ordinance is not narrowed through its exercise." This seems quite applicable to the situation upon which petitioners rely and to destroy the very basis of the order appealed from.

The order should be reversed on the law and the facts, without costs.

FOSTER, P. J., HEFFERNAN, BERGAN and COON, JJ., concur.

Order reversed, on the law and facts, without costs.