In the Matter of WILLIAM C. MORGAN, Petitioner, against J. EDWARD CONWAY et al., Constituting the Civil Service Commission of the State of New York, Respondents.

Supreme Court, Special Term, Albany County, July 16, 1952.

*Daniel P. A. Sweeney* for petitioner.

*Nathaniel L. Goldstein, Attorney-General (Wendell P. Brown, Herman N. Harcourt* and *Richard H. Shepp* of counsel), for respondents.

HAMM, J. This is a motion pursuant to article 78 of the Civil Practice Act.

A year ago February the petitioner took a promotional examination No. 1231 and entitled " Tax Administrative Supervisor — Corporation ". Concededly he received from the monitor no oral instructions. Neither, according to his contention, did he receive the first sheet of the examination, which contained these instructions:

QUESTION BOOKLET
(Morning Session)

NEW YORK STATE
DEPARTMENT OF CIVIL SERVICE

February 17, 1951                 Identification No........

WRITTEN TEST

| EXAM. No.* | EXAMINATION TITLE | ENTRANCE SALARY | DEPARTMENT OR JURISDICTION |
|---|---|---|---|
| 1226 | Senior Corporation Tax Examiner | $3978 | |
| 1227 | Associate Corporation Tax Examiner | $4836 | Department of Taxation and Finance |
| 1230 | Tax Administrative Supervisor (Corporation) | $5430 | |
| 1231 | Tax Administrative Supervisor (Corporation) | $5430 | |

\* Put a check mark ($\sqrt{}$) in this column before each examination in which you are competing. You may compete only in examinations for which you were notified to appear.

| TIME ALLOWED | EXAM. No. | QUESTIONS TO BE ANSWERED MORNING SESSION | AFTERNOON SESSION |
|---|---|---|---|
| 4 Hours | 1226 | Questions 1 to and including 90 | The afternoon session will begin at 2 P.M. Candidates may leave for lunch after turning in their papers for the morning session. |
| 4 Hours | 1227 | Questions 31 to and including 120 | |
| 4 Hours | 1230 | Questions 31 to and including 120 | |
| 4 Hours | 1231 | Questions 31 to and including 120 | |

Candidates for 1227 and either 1230 or 1231 will be allowed 4 hours.

All questions for the morning session of these written tests are contained in this Question Booklet of 28 pages, including this page. If any page is missing or incomplete, obtain a new Question Booklet from the Monitor.

It will be observed that at the morning session candidates for senior corporation tax examiner were to answer " Questions 1 to and including 90 " and candidates, of whom the petitioner was one, for the remaining three examinations were to answer " Questions 31 to and including 120."

The first examination sheet containing questions begins: " CANDIDATES FOR #1226 SENIOR CORPORATION TAX EXAMINER BEGIN HERE.

" 1. Which one of the following is subject to a New York State franchise tax under Article 9-A? * * * "

Despite this instruction the petitioner answered questions 1 to and including 30.

After question 30 appeared the following legend: " CANDIDATES FOR #1227 ASSOCIATE CORPORATION TAX EXAMINER AND #1230 AND #1231 TAX ADMINISTRATIVE SUPERVISOR (CORPORATION), BEGIN HERE."

The petitioner's counsel states in his memorandum that the petitioner " then destroyed the answer sheet containing the answers to these 30 questions, obtained a new question answer sheet from the Proctor and started anew with question No. 30."

The petitioner answered questions 30 to and including 90. After question 90 appeared the following instructions:

END OF MORNING SESSION FOR #1226 SENIOR CORPORATION TAX EXAMINER ONLY.

END OF MORNING SESSION

As soon as you finish the morning session, enter the " Time Finished " in the space provided on the front of the separate Answer Sheet. Arrange your papers with your Identification Sheet on top, your Question Booklet next, and your Answer Sheet last. Signal the Monitor to collect your papers and special pencil. Do not surrender your papers until he has checked them, because you are responsible for seeing that he collects all your papers and the special pencil.

CANDIDATES FOR #1227 ASSOCIATE CORPORATION TAX EXAMINER AND #1230 AND #1231 TAX ADMINISTRATIVE SUPERVISOR (CORPORATION) CONTINUE.

ALL CANDIDATES MUST RETURN FOR THE AFTERNOON SESSION WHICH WILL BEGIN PROMPTLY AT 2 P.M.

Despite these instructions the petitioner left the examination room, later returned and stated to a district supervisor of the commission that he had been misled by the legend appearing after question 90. He was permitted to answer questions 90 to and including 120 on signing the following agreement:

" Through inadvertence, at the morning Session this morning, (Feb 17 1951) I did not complete all the answers to the

Multiple Answer problems, although I had more than one hour in which to do so.

" After answering Question, (I think it was 90) I read a notation to the effect that this completed the morning examination, and accordingly turned in my paper, having more than an hour still available.

" However, at lunch I subsequently found out, that it was the end of the examination only for Senior Examiner, and that the examination (# 1231 Tax Admin. Supervisor Corp.) was continued several pages later.

" I did not discuss the content of the last 30 questions either at lunch or since that time, and I will submit an affidavit to that effect if necessary.

" If I am permitted to complete the morning session of this examination in what would be the time remaining, I agree that the acceptance of these last 30 questions will rest with the Commission — State Civil Service Commission."

It may be observed that the petitioner's statement is: " I did not complete all the answers * * * , although I had more than one hour to do so." It may further be observed that there is no denial of paragraph " 12 " of the answer that the petitioner answered the previously omitted questions, 90 through 120, in fifty-seven minutes. Consequently this new matter must be deemed admitted. (Civ. Prac. Act, § 1292; *Entress* v. *Sours,* 272 App. Div. 861.) So there is present no question of prejudice through loss of time consumed by the petitioner's error in answering the first thirty questions and the petitioner makes no such complaint. His prayer is based on the alleged misleading character of the instructions following the ninetieth question.

He asks for an order:

" 1. Directing the New York State Civil Service Commission to grade petitioner's answers to questions numbered 91 to 120 of the examination taken by petitioner on February 17th, 1951 titled ' Tax Administrative Supervisor — Corporations '.

" 2. Directing the New York State Civil Service Commission, after grading petitioner's answers to questions 91 to 120 to adjust petitioner's final mark on the final written examination to include credit for correct answers to those questions.

" 3. Directing the New York State Civil Service Commission to place petitioner's name on the eligibility list in accordance with his adjusted final mark;"

When the petitioner completed his answer to question 30 he observed the statement

" CANDIDATES FOR #1227 ASSOCIATE CORPORATION TAX EXAMINER AND #1230 AND #1231 TAX ADMINISTRATIVE SUPERVISOR (CORPORATION), BEGIN HERE."

At that time, having asked for a new examination sheet, he knew indubitably he was taking the examination for "Tax Administrative Supervisor (Corporation)" and not the examination for " Senior Corporation Tax Examiner ". After he answered question 90 he says he was misled by:

END OF MORNING SESSION FOR #1226 SENIOR CORPORATION TAX EXAMINER ONLY. END OF MORNING SESSION

As soon as you finish the morning session, enter the " Time Finished " in the space provided on the front of the separate Answer Sheet. Arrange your papers with your Identification Sheet on top, your Question Booklet next, and your Answer Sheet last. Signal the Monitor to collect your papers and special pencil. Do not surrender your papers until he has checked them, because you are responsible for seeing that he collects all your papers and the special pencil.

The petitioner then knew he was not taking the examination for Senior Corporation Tax Examiner and the instruction specifically used the words " SENIOR CORPORATION TAX EXAMINER " and " ONLY ". The petitioner holds the degrees of bachelor and master in commercial science and he is registered to practice before the United States Treasury Department and the United States Tax Board. Concededly he already had been put on notice by the instruction following question 30. And the instructions after question 90 and the following " END * * * FOR * * * TAX EXAMINER ONLY " contained the additional instruction:

" CANDIDATES FOR #1227 ASSOCIATE CORPORATION TAX EXAMINER AND #1230 AND #1231 TAX ADMINISTRATIVE SUPERVISOR (CORPORATION) CONTINUE. ALL CANDIDATES MUST RETURN FOR THE AFTERNOON SESSION WHICH WILL BEGIN PROMPTLY AT 2 P. M."

The petitioner appealed to the Civil Service Commission for a review and his appeal was denied. No testimony was taken. It was immaterial whether or not it was the district supervisor's " belief that petitioner had not discussed the questions prior to returning to the examination room " as alleged in paragraph " 9 " of the petition. The denial by the commission was an administrative decision, which cannot be said to be " arbitrary ", " unwarranted ", " unreasonable " or " capricious " so as to bring about judicial interference. The judicial function is

exhausted when there is found to be rational basis for the conclusions of the administrative body. (*Rochester Tel. Corp.* v. *United States,* 307 U. S. 125, 146; *Matter of Kopec* v. *Buffalo Brake Beam-Acme Steel & Malleable Iron Works,* 304 N. Y. 65, 71.) And " relief in the nature of mandamus may only be awarded upon the establishment of a clear legal right thereto." (*Matter of Marks* v. *Regents,* 279 App. Div. 476, 478.) It can be argued and believed by fair-minded men that the determination of the commission was, in all the circumstances, not " unreasonable ". Saying this marks the end of the inquiry. (*Matter of Commercial Pictures Corp.* v. *Board of Regents,* 280 App. Div. 260, in which the dissent was concerned not with the validity or interpretation of the rule but with the question of its applicability in the circumstances disclosed.)

After adoption of the petitioner's proof the petitioner's prayer for relief must be denied on the law.

An order may be submitted on five days' notice.