Jacob J. Schwartzwald, J.
This is an application pursuant to article 78 of the Civil Practice Act in the nature of a mandamus to compel the respondent, Commissioner of Licenses of the City of New York, to issue more than one license to operate stoop line fruit and vegetable stands at each of premises 407 Knickerbocker Avenue and 225A Himrod Street, Brooklyn, N. Y.
It appears that the premises in question is a corner store, one side of which fronts on Knickerbocker Avenue and the other side on Himrod Street. Petitioners made applications at various times (but not simultaneously) for licenses to operate a total of eight stoop line stands to be located on both streets. The commissioner granted one license for one stand on Knickerbocker Avenue, for one stand on Himrod Street and denied the applications for the remaining licenses.
The statutes involved are contained in the Charter and Administrative Code of the City of New York, such parts of which as are relevant to the instant matter are hereinafter, set forth.
By chapter 32 (§ 773, subd. a) of the New York City Charter, the commissioner of licenses is vested with authority to grant, issue, transfer, revoke, suspend and cancel all licenses and permits.
Section B32-66.0 of the Administrative Code of the City of New York reads in part as follows: “a. It shall be unlawful to maintain a stand or booth within stoop lines without a license therefor, b. Such stands or booths shall be used for the sale or display of fruits, vegetables * * *, or any of the foregoing.”
Section B32-67.0 of the Administrative Code reads in part as follows: ‘ ‘ All such licenses shall be issued, by the commissioner, in his discretion, with the consent of the owner of the abutting premises ”.
Section B32-70.0 of the Administrative Code reads in part as follows: “Every licensed stand shall be maintained wholly within the stoop line and shall not obstruct the free use of the sidewalk by pedestrians. It shall not exceed ten feet in length nor four feet in width ”. (Emphasis supplied.)
Petitioners charge that the denial of their applications was arbitrary, capricious and unreasonable. The commissioner, in his answer, after denying the petitioners’ charges, alleges, as an affirmative defense, that pursuant to the provisions of section B32-70.0 of the Administrative Code of the City of New York (supra) he has no power and may not grant more than one stoop line license at any particular location.
Concededly in the past it has been the practice of the license department of the City of New York to issue more than one *456 stoop line stand license at one location. Obviously, that policy was the result of interpreting the provisions of section B32-70.0 of the Administrative Code to mean that the statute does not prohibit the issuance of more than one license at any one location, but to simply limit the size of each stand. Accordingly each 10-foot stand required the issuance of a separate license for which a separate fee was charged and received by the city.
It seems that now, after many years of practice to the contrary, the license commissioner has decided to construe the provisions of the statutes in question to mean that only one 10-foot stoop line stand may be licensed at any one location. In his answering affidavit the commissioner states:
“ It is because of this interpretation of the Administrative Code that I feel that I am without power to grant additional licenses to the petitioner rather than on the particular merits of the case.
‘ ‘ My determination was made in the instant case with full knowledge of the former practice of the Department of Licenses with respect to granting more than one license at each location, and I am further aware of the fact that there are persons operating in the City of Few York who have more than one license at any one location.
‘ ‘ However, it is my desire to terminate this practice by denying any future applications for licenses or renewal applications where the applicant already has one license at each location. ’ ’
The principles governing mandamus proceedings were clearly set forth in People ex rel. Empire City Trotting Club v. State Racing Comm. (190 F. Y. 31, 33-34) in the following language:
‘ ‘ While the general rule is that mandamus will not lie to compel the performance of a power the exercise of which lies in the discretion of the officer against whom the writ is sought, to that rule there is the well-recognized exception that the action of the officer must not be capricious or arbitrary, and if such be the character of the reasons for refusing to act the writ will lie. (Merrill on Mandamus, secs. 38-41; People ex rel. Cecil v. Bellevue Hospital Medical College, 60 Hun, 107; affd. on op. below, 128 N. Y. 621; People ex rel. Schau v. McWilliams, 185 N. Y. 92; Illinois State Board of Dental Examiners v. People ex rel. Cooper, 123 Ill. 227.) In the very recent case of People ex rel. Lodes v. Department of Health (189 N. Y. 187) we have said, through Haight, J., referring to the action of the board in revoking a license: ‘ If, however, their action is arbitrary, tyrannical or unreasonable, or is based upon false information, the relator may have a remedy to right,the wrong which he has suffered. ’ There are to be found in the affidavits in answer to *457 the application for the writ denials by the appellants that the relator has complied with the requirements of the statute, and that he is entitled to a license. But these denials in gross are merely of conclusions, and too indefinite to raise an issue to defeat a peremptory writ where the facts should have been explicitly alleged. (Matter of Freel, 69 N. Y. S. R. 271; affd. 148 N. Y. 165; People ex rel. Beck v. Coler, 34 App. Div. 167, 170; People ex rel. Goodwin v. Coler, 48 id. 492-494; Matter of Pierce, Butler & P. Mfg. Co., 62 Hun, 265; affd., 131 N. Y. 570.) ”
It is important to note, too, that pursuant to section B32-74.0, “ Every license issued under this article [art. 11] shall expire on the thirty-first day of March next succeeding the date of issuance thereof.” Why, then, does the respondent herein choose to apply his new construction of the relevant statutes in the middle of a license year? Why cannot the new policy be uniformly effectuated at the expiration of the current license term? In my view the respondent has failed to satisfactorily answer these questions.
Under all of the circumstances herein, the court concludes that the action of the respondent was unreasonable, arbitrary, capricious and unwarranted. Accordingly the petition is granted. Settle order on notice.