Joseph A. Stjozzi, J.
Petition pursuant to article 78 of the CPLR annulling respondents’ suspension of petitioner from attendance at Glen Cove City High School and for related relief is granted.
Petitioner, Lynn Walton, now 15 years and 5 months of age, was suspended by order of the Principal of Glen Cove City High School on November 5, 1971 for a period of five school days. Petitioner was also assigned to home tutoring effective November 12,1971. Application was thereafter made to have petitioner admitted to one of the programs of BOCES (Board of Cooperative Educational Services) in place and stead of home tutoring.
Under section 3214 (subd. 3, par. b) of the Education Law a principal may be delegated the authority to suspend a minor for a period not to exceed five school days. In the case of a suspension under paragraph b, the pupil11 shall, on request, be given an opportunity for an informal conference with the principal” (subd. 3, par. d; emphasis supplied). Here there is evidence that the principal and others notified petitioner’s mother of the complaints and requested her attendance at informal hearings. Numerous prior incidents are alleged over a long period of time and various conferences were held as a result thereof. The question raised herein is whether or not the assignment to home tutoring and the application to BOCES immediately subsequent to the five-school-day suspension, without a hearing, constituted arbitrary and capricious treatment of petitioner in violation of the applicable statutes.
Paragraph c of subdivision 3 of section 3214 of the Education Law provides that: “ No pupil may be suspended for a period in excess of five school days unless such pupil and the person in parental relation to such pupil shall have had an opportunity for a fair hearing, upon reasonable notice, at which such pupil shall have the right of representation by counsel, with the right to question witnesses against such pupil and to present witness and other evidence on his behalf. Where a minor has been suspended in accordance with this section by a superintendent of schools # * * the superintendent shall personally hear and determine the proceeding or may, in his discretion, designate a hearing officer to conduct the hearing.”
*937 Paragraph e of subdivision 3 of this section mandatorily requires that immediate steps be taken1 ‘ Where a minor has been suspended as insubordinate or disorderly and said minor is of compulsory attendance age * * * for his attendance upon
instruction elsewhere ”. Therefore the assignment to home tutoring was required, albeit instituted subsequent to the five-day period. However, having gone beyond the five-school-day period without a hearing, it is contrary to section 3214 (subd. 3, par. c) of the Education Law. As hereinabove noted petitioner is of compulsory attendance age (since she is under 16 years of age) and therefore must attend upon full time instruction (see Education Law, § 3205, subd. 1, par. a; § 2, subd. 11).
Since petitioner had not been notified of the right to a hearing, nor was a hearing held prior to the expiration of the five-school-day suspension, and over three months have elapsed since this suspension, without a hearing, the court finds that the actions taken were in violation of the Education Law. (See Matter of MacDonald v. Tompkins, 67 Misc 2d 338; Ladson v. Board of Educ., Union Free School Dist. No. 9, Town of Hempstead, 67 Misc 2d 173; Matter of George v. Fiore, 62 Misc 2d 429; Matter of Reid v. Nyquist, 65 Misc 2d 718.)
Accordingly, respondents shall immediately reinstate petitioner, Lynn Walton, to her regular classes at Glen Cove City High School. This determination is without prejudice to respondents, upon due and proper notice, conducting a full-scale hearing, as noted above, to determine the fitness of this student to remain in regular classes at this school.