Samuel A. Spiegel, J.
Motion by defendants for an order dismissing the complaint on the grounds that plaintiffs lack the legal capacity to maintain this suit as representatives of a class and that the complaint fails to 'state a representative cause of action is denied.
The facts underlying this action are as follows: On July 24, 1973 Canadian Development Corporation, hereinafter referred to as CDC, made a stock tender offer to purchase 10 million shares of defendant corporation ’s common stock from shareholders, for $29 per share. Plaintiffs, who were holders of 2,021 shares of Texas Gulf stock, tendered such shares to CDC prior to August 17, 1973 pursuant to the tender offer. The gravamen of plaintiffs’ complaint is, that defendants, by obtaining a temporary restraining order on a lawsuit they commenced in an attempt to prevent CDC from consummating its offer, hampered and delayed plaintiffs in the receipt of the purchase price due. As a result of this alleged breach of fiduciary duty by defendants, who are directors of Texas Gulf, the plaintiffs then instituted this action for the loss of the use of their money during the time the culmination of the tender was allegedly delayed.
Plaintiffs bring this action on behalf of themselves and other members of the class who tendered their stock prior to August 17, 1973. A second cause of action is pleaded on behalf of all stockholders who tendered stock after August 17,1973 as a result of an extension in the offer granted by CDC.
Defendants contend that plaintiffs lack the capacity to sue as representatives of the other shareholders. It is alleged that “ separate wrongs to separate persons ” even if committed by similar means pursuant to a single plan, ‘ ‘ do not alone create a common or general interest in those who are wronged ” so as to entitle them to maintain a representative action (Society Milion Athena v. National Bank of Greece, 281 N. Y. 282, 292). However, in the present case, plaintiffs are not alleging injury to the class by “ separate wrongs ” but rather by the “ single wrong ” of defendant directors, in instituting the action against CDC. Plaintiffs allege that this act was a breach of defendant directors’ fiduciary duty to the shareholders, thereby giving rise to a cause of action.
It is well settled in New York that the breach of the fiduciary duty owed by directors to shareholders does, in fact, give rise to a cause of action on behalf of the shareholders (Duane Jones *581 Co. v. Burke, 306 N. Y. 172; Kavanaugh v. Kavanaugh Knitting Co., 226 N. Y. 185).
Further, defendants rely on the case of Hall v. Coburn Corp. of Amer. (26 N Y 2d 396) to support their allegation that plaintiffs may not maintain this suit as a class action. In the Hall case, the Court of Appeals held (p. 400) that, “ to permit the maintenance of a class action by one contracting party on behalf of others who made different contracts solely because of similarity in form of the instrument of contract would enlarge greatly the scope of New York class action permitted by CPLR 1005 (subd. [a]) In Hall, the plaintiffs attempted to establish a class that consisted of all parties who entered into retail installment contracts by signing form 1 ‘ N. Y.— COB3 — N. Y. ’ ’. The use of this printed form was the ‘ ‘ similarity ’ ’ relied upon by plaintiffs to maintain their cause of action. The contracts, however, were for different goods, at different prices, between different parties.
In the case at bar, while each party did, in fact, enter into a separate contract with CDC, the terms of these contracts were the same. The price per share was definite, the time of payment was definite as was the manner of transfer. The only difference, not really material on this motion, was the number of shares to be tendered by each party.
Furthermore, unlike the plaintiffs in Hall, the plaintiffs in this action are not relying on the contracts between themselves and CDC as the basis of this suit. They are, in fact, bringing this action based on the fiduciary relationship that existed between themselves and the defendant directors, which relationship was allegedly breached upon the institution by defendants of the lawsuit against CDC.
The contracts between CDC and plaintiffs create common questions of law and fact between all plaintiffs and defendants herein. The same law and same defenses apply to each member of the class.
Thus, while the amount of the recovery of each plaintiff may be different, depending upon the number of shares tendered, and whether such shares were tendered prior or subsequent to August 17, 1973, such facts relate merely to the computation of damages and do not serve to bar the maintenance of a class action (2 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 1005.12).
Accordingly, plaintiffs’ second amended complaint sets forth facts sufficient to allow this suit' to be maintained as a representative one pursuant to CPLR 1005.
*582 The court does not find ¡the United States Supreme Court’s decision in Eisen v. Carlisle & Jacquelin (417 U. S. 156) to affect the validity of the present class action brought pursuant to New York CPLR 1005.
There is no need for multiplicity of suits under the present circumstances. If for no other compelling reason this class action should not be denied when considered along with all the other circumstances.