Harold L. Wood, J.
Petitioner, on*behalf of her son, Herman, and. all. others. similarly. situated, brings this proceeding, pursuant to jOPLB article 78 for an order, inter alia,:.
1. Enquiring respondents to provide alternative instruction for pupils suspended from school by respondents. 2. Declaring this, action to be a proper class action. " 3.. Declaring that respondents’ policy of not providing alternative instruction to pupils suspended for five days or less is illegal, arbitrary and capricious and #n abuse of discretion. 4. Enjoining respondents from such illegal action. 5. Enjoining respondents from such suspensions without providing such pupils and the persons in'parental relationship to them an informal hearing as statutorily required.
*598 Petitioner is the mother of Herman Turner, an infant eight years of age who attends fourth grade at the Horton School located in the Port Chester-Rye Union Free School District.
On November 4, 1974, in the early afternoon, petitioner was summoned to school and advised by Mr. Frey, the principal thereof, that because of her son’s behavior, he was being suspended for five school days, commencing November 5, 1974 and continuing through to November 13, 1974, at which time his educational future would be discussed.
Subdivision 3 of section 3214 of the Education Law deals with suspension of a pupil and, in pertinent part, states:
‘1 b. The board of education * # * may adopt by-laws delegating to * * * the principal of the school where the pupil attends, the power to suspend a pupil for a period not to exceed five school days.
“ c. No pupil may be suspended for a period in excess of five school days unless [certain due process requirements are fulfilled] # * *
“ d. In the case of a suspension by the principal pursuant to paragraph b of this subdivision, the pupil and the person in parental relation to him shall, on request, be given an opportunity for an informal conference with the principal at which the person in parental relation shall be authorized to ask questions of complaining witnesses.
11 e. Procedure after suspension. Where a pupil has been suspended * # * immediate steps shall be taken for his attendance upon instruction elsewhere or for supervision or detention of said pupil pursuant to the provisions of article seven of the family court act.”
Petitioner has made it crystal clear that neither she nor any other member of the class here sought to be included is questioning the validity of the suspension or the underlying grounds therefor. The stated purpose of this concession is to validate this proceeding as a class action, something which would obviously be impermissible, were at necessary to evaluate and determine the varied underlying factual situations inherent in each suspension. (Hunt v. Wilson, 72 Misc 2d 360; Gaynor v. Rockefeller, 15 N Y 2d 120.)
It is conceded by respondents that, as to pupils suspended for five days or less, no alternative instruction is afforded to those pupils and it is this policy of respondents which, says petitioner, is illegal and in violation of section 3214 (subd. 3, par. e) of the Education Law. It is further conceded by respondents (as evidenced by their letter to petitioners’ counsel, dated *599 November 13,1974, attached to petitioners’ memorandum of law as Exhibit I) that for the school year commencing in September, 1973 through June, 1974, the school district imposed 187 suspensions of five days or less.
It would appear therefore and this court so holds that the instant application properly deals with ‘ ‘ the question * * * of a common or general interest of many persons * * * where the persons who might be made parties are very numerous and it may be impracticable to bring them all before the court ” (CPLR 1005, subd. [a]) and is thus maintainable as a class action pursuant to CPLR 1005. (Moore v. Metropolitan Life Ins. Co., 33 N Y 2d 304.) Upon examination, the court cannot find that the decision of the United States Supreme Court in Eisen v. Carlisle & Jacquelin (417 U. S. 156) in any way affects this holding. (See Reeves v. Texas Gulf, 78 Misc 2d 579.)
It is petitioner’s contention that under subdivision 3 of section 3214 of the Education Law, no distinction as to the necessity for alternative instruction is made where the suspension is for more or less than five days. Goncededly the statute, in its present format could very well lead to such an interpretation. However, in determining the intent of the Legislature, attention must be paid to the practicality of the matter. Respondents set forth in their answer, and it is nowhere disputed by petitioner, that “ To require alternative instruction during the term of a short suspension not exceeding five school days is both impracticable and unworkable since it is virtually impossible to arrange * overnight ’ tutoring or for attendance supervision or detention of the pupil elsewhere and further, little or no benefit will be derived by the pupil even if such facilities could be arranged since before any continuity of instruction could be obtained, the pupil would be returned to his classes by virtue 'of the completion of the suspension.”
It must be remembered, too, that, pursuant to section 3214 (subd. 3, par. e) of the Education Law, the principal has a choice of two alternatives. He can either provide alternative instruction or can take steps for the pupil’s “ supervision or detention * * * pursuant to the provisions of article seven of the family court act.”
It would appear to be more reasonable to assume that the Legislature would prefer, in the case of suspensions for five days or less, that the pupil not receive alternate instruction for that period when the alternative, under the statute, is a Family Court action in the nature of a person in need of supervision (PINS) proceeding.
*600 Accordingly, this court holds that the intent of the statute is to make unnecessary any alternative instruction for pupils suspended for five days or less.
Petitioner further complains that she was not advised by respondents of her right to an informal conference.
Section 3214 (subd. 3, par. d) of the Education Law set forth in full above, provides that when the suspension is for five days or less (Education Law, § 3214 suibd. 3, par. b) the pupil and parents ‘ ‘ shall, on request, be given * * * an informal conference ”. While petitioner here was given an informal conference, the complaint is that no notice of her right to such a conference was given by respondents; that petitioner “ stumbled into some facsimile of a hearing situation * * * and thought she was being allowed to talk to the personnel because of a kindly whim of the principal (and) had (she) known that she had a right to, such conference, instead of thinking that she was being given special consideration, she may have proceeded differently”.
Petitioner contends that it has been held that the principal is required to inform of the right to an informal conference, citing Matter of Crumpler (12 Ed. Dept. Rep. 38). Examination of that case reveals that it dealt with a projected suspension in excess of five days. It was said there that the failure to advise petitioner of his right to an informal conference, while not commendable, must be considered in the light of the subsequent decision to hold a formal hearing with regard to a suspension in excess of five days. It is obvious, under the statute, that the right to an informal hearing is applicable only to suspensions for a period not to exceed five days and the statement as to notice is clearly dictum and inapplicable to suspensions for more than five days as was contemplated in that case.
It has been held that section 3214 of the Education Law does not require a hearing prior to a suspension not exceeding five days (Matter of Simmons v. Board of Educ. of Union Free School Dist. No. 1 of Town of Rye, 11 Ed. Dept. Rep. 130). This being so, the court cannot impose upon respondents the duty to advise petitioner, under the circumstances here applicable, of her right to an informal conference.
In .view >of the foregoing the court does not find it necessary to reach other defenses raised in respondents’ answer and, accordingly, dismisses the petition herein.