Andrew J. Di Paola, J.
Petitioner Sharon Johnson is 16 years old. She resides with her mother who verified the petition in her behalf in Manhasset and has been attending the public schools in Union Free School District No. 6, Manhasset, where she has maintained a consistently poor record. For the academic year 1973-1974 she failed all her academic subjects in her then grade level, seven. Nonetheless she was advanced "as a result of mandatory advancement” to the eigth grade at Manhasset Junior High School for the year 1974-1975 where she again failed every academic and nonacademic course. Following further mandatory advancement Sharon transferred to Jess Lanier High School in Bessemer, Alabama, to attend her ninth grade (1975-1976). There she also failed every academic course but did receive a passing grade in physical education. Upon her return to Manhasset she was readmitted to Manhasset Junior High School for the year 1976-1977 where her first marking period indicated failure in every academic and nonacademic subject.
By letter dated December 10, 1976, signed by the director of guidance, Sharon’s mother was advised that effective four days later "Sharon has been placed on homebound instruction because of a series of incidents which involved disruptive behavior as well as frequent cutting of class.” The letter also stated that "homebound instruction will be provided by tutors for English 9, Social Studies 9, General Science 9 and prealgebra. The instruction will begin on Tuesday, December 14th. [T]utors * * * are primarily interested in providing Sharon with an education while she is not permitted to attend classes at the high school.”
The petitioner terms this a suspension of Sharon and seeks an order directing the respondents board of education, superintendent of schools and principal of the Manhasset Junior-Senior High School to readmit her to that school and declaring the suspension arbitrary and capricious because made for *42 more than five days without a hearing (Education Law, § 3214, subd 3, par c).[1]
The respondents aver that the "Petitioner has not been suspended, but rather assigned to alternative instruction.” To the extent this is a tenable position it rests upon subdivision 24 of section 1709 of the Education Law, which empowers a board of education "[t]o provide * * * home-teaching * * * for physically or mentally handicapped and delinquent children.”
The fact apparent from the letter of December 10, 1976 is that Sharon was indeed suspended from regular class instruction because of incidents involving misbehavior and truancy and that the statutory hearing mandated for such suspension has not been afforded the petitioner. The provision for home tutoring is compatible with the statute (Matter of Turner v Kowalski, 49 AD2d 943; Matter of Walton v Board of Educ., 68 Misc 2d 935; Matter of Manson, 11 Ed Dept Rep 48), but a hearing in accordance with the statutory requirements may not be avoided thereby (ibid), and must be held even absent a demand therefor (Matter of MacDonald v Tompkins, 67 Misc 2d 338), although in this case a demand was made as early as December 28, 1976. The continued suspension of Sharon and her assignment to homebound instruction is arbitrary and capricious and beyond the power of the respondents.
As noted earlier, the respondents rely on subdivision 24 of section 1709 of the Education Law as the warrant for their action. The record is deficient in facts establishing that Sharon fits into any of the statutory categories (physically or mentally handicapped and delinquent children). If such a record can be made action of the respondents in accordance therewith may be warranted.
Hence the petition is sustained with directions to the respondents to reinstate Sharon pending a hearing on notice and determination pursuant to section 3214 (subd 3, par c) of the Education Law or if any other provision of that law is applicable to make such other determination as to appropriate educational placement and programs for her as the facts may warrant (see, e.g., art 89).
A caveat is inherent in what has been said. That is that the *43 court does not imply (1) that the assignment of Sharon to homebound tutoring on a one-to-one basis was not beneficial to her or (2) that she is being reinstated to expand her present pattern of unexplained failures, or (3) that her failures and problems should be ignored. All that is decided is that she has a right to invoke her legal remedies although this is not necessarily for her immediate benefit. That is for her mother and counsel to decide and assume responsibility for.

. "No pupil may be suspended for a period in excess of five school days unless such pupil and the person in parental relation to such pupil shall have had an opportunity for a fair hearing, upon reasonable notice, at which such pupil shall have the right of representation by counsel, with the right to question witnesses against such pupil and to present witnesses and other evidence on his behalf.”