In the Matter of the Application of FRANK HAROLD CRISPELL for a Mandamus Order against ALBERT C. RUST and Others, Constituting the Board of Education of the City of Poughkeepsie, N. Y., and WARD C. MOON, as Superintendent of Public Schools of Said City.

Supreme Court, Dutchess County, November 18, 1933.

*McCabe & Rosen,* for the petitioner.

*John B. Van DeWater, Corporation Counsel,* for the respondents.

MORSCHAUSER, J. Doctor Crispell, a resident of the city of Poughkeepsie, N. Y., and the father of an infant son, Harold Crispell, who had attained the age of four years on August 1, 1933, and is under his care and control, applies for a mandamus order directed to the board of education, city of Poughkeepsie, and the superintendent of schools, commanding them to allow the said infant son to attend the kindergarten class in School No. 8, a public school of the city of Poughkeepsie, or any other kindergarten school under their jurisdiction in said city.

The respondents appeared on the return day of the motion and do not deny or controvert any of the allegations of the petition, and raise only a question of law and move for the dismissal of the proceeding on the ground that the court has no jurisdiction, and that the petition does not state facts sufficient to warrant the granting of any relief asked for therein.

The petition states sufficient facts to warrant the granting of the order of mandamus.

The petitioner alleged that he is a resident of the city of Poughkeepsie, and after alleging the date of birth of said infant and his attainment of the age of four years on August 1, 1933, further states that on October 23, 1933, the said infant was registered in the kindergarten class of said School No. 8 in the city of Poughkeepsie and that he was permitted to attend said kindergarten up until October 30, 1933, on which date the said board of education and the superintendent of schools in and for said city denied him the right of attendance at this kindergarten class on the asserted ground that he had not attained the age of five years.

It is further alleged in the petition that the respondents are the board of education of the city of Poughkeepsie and that Ward C. Moon is the superintendent of the public schools of said city, all duly and legally appointed and acting as such at the times heretofore mentioned.

The petitioner further alleges that the denial to the infant of the right to attend the kindergarten school is illegal and contrary to section 311 of the Education Law of the State of New York. There is only the question of law raised as to the jurisdiction of the court to act in this matter and whether the court has jurisdiction to grant a mandamus order.

Section 311 of the Education Law provides as follows: " The

board of education of each school district and of each city may maintain kindergartens which shall be free to resident children between the ages of four and six years."

The respondents claim that if the father is aggrieved he must file an appeal under section 890 of the Education Law to the State Commissioner of Education at Albany, N. Y., and that he may not invoke the aid of the courts. In support of this contention the respondents rely upon various cases, cited in the brief, which do not apply and do not hold that the Commissioner of Education has " exclusive jurisdiction," except in certain circumstances. The most that any of these authorities hold is that in certain cases, where discipline is involved and other infractions of rules and regulations of the board of education are claimed to have been violated, in which the board acted, involving the exercise of discretion or judgment, and the board having proceeded within their jurisdiction and substantial compliance with the forms of law, mandamus may not lie. Wrote the court in *People ex rel. Peixotto* v. *Board of Education of City of New York* (212 N. Y. 463, at p. 466): " The general rule is that mandamus will not lie to review the determination of public boards or officers in matters involving the exercise of discretion or judgment, if they have proceeded within their jurisdiction, and in substantial compliance with the forms of law." (*People ex rel. Empire City T. Club, etc.,* v. *State Racing Com.,* 190 N. Y. 31; *Matter of Dill,* 185 id. 106; *People ex rel. Dietz* v. *Easton,* 13 Abb. Pr. [N. S.] 159; *People ex rel. Kennedy* v. *Brady,* 166 N. Y. 44, 49.)

In such instances the courts held that if the party feels aggrieved by the action of the board of education, and files an appeal with the Commissioner of Education, the Commissioner has exclusive jurisdiction and sufficient authority under the Education Law to hear the appeal and make a decision thereon, which would be final and conclusive.

Doctor Crispell, in the proceeding at bar, did not file an appeal with the State Commissioner of Education, but is resorting, in the first instance, to the Supreme Court. This was his privilege and right. The application herein is one where the board of education of the city of Poughkeepsie is acting in violation of an express statute, which deprived the petitioner and his infant son of valuable rights. Had he taken the appeal to the State Commissioner of Education that Commissioner would have sufficient jurisdiction under the broad view of the Education Law to hear the appeal and make a decision that would be conclusive, and it must be conceded that in such a situation the courts could not interfere with the determination of the State Commissioner of

Education. Where there is involved an interpretation of a statute and no appeal has been taken to the Commissioner of Education, is the petitioner forced to lay his complaint before that officer or may he come into Supreme Court and obtain the relief by mandamus order? Where there is a statutory interpretation involved, there are a number of authorities for the rule that the Supreme Court has jurisdiction in a proceeding where no application has been made to the State Commissioner of Education. Jurisdiction is concurrent in certain cases.

Although the petitioner is afforded another remedy, relief may still be granted in the Supreme Court in the exercise of a sound discretion. (*Matter of O'Connor* v. *Emerson*, 196 App. Div. 807; *Matter of Moses* v. *Board of Education*, 127 Misc. 477; affd., 218 App. Div. 811, which was reversed on other grounds, 245 N. Y. 106; *Matter of Denering* v. *Board of Education*, 130 Misc. 759, 763.)

In the *O'Connor Case* (*supra*) a school teacher brought mandamus proceedings against the board of education of the city of Buffalo by virtue of her removal as principal of one of the schools. The board of education claimed that the court had no jurisdiction and that the school teacher's remedy was by appeal to the State Commissioner of Education. The Appellate Division, overruling this contention, pointed out that the school teacher might have taken an appeal from the board of education to the State Commissioner of Education and might have obtained from him a binding decision. The court wrote: " Where the right of a party depends upon the interpretation of a statute and it is claimed that the school board official has proceeded to act in violation of an express statute and thereby the party complaining is being deprived of valuable rights, the courts will not be ousted of jurisdiction to determine the matter, notwithstanding another method of settling the controversy has been provided." (*People ex rel. Stanley* v. *Van Siclen*, 43 Hun, 557; *People ex rel. Hylan* v. *Finegan*, 227 N. Y. 219; *People ex rel. Peixotto* v. *Board of Education*, 212 id. 463; *Matter of Hirshfield* v. *Cook*, 227 id. 297; *Matter of McCarthy* v. *Board of Education*, 106 Misc. 193; revd. on other grounds, 188 App. Div. 930.)

In the *Moses Case* (*supra*) it was held that where certain teachers of the city of Syracuse instituted a mandamus proceeding against the board of education and where the claim was asserted that they had no right to come into the Supreme Court but should have taken an appeal to the State Commissioner of Education, the court, in disposing of this jurisdictional question, wrote (at p. 483): " The claim of the respondent that the petitioners' sole remedy was to appeal to the Commissioner of Education under section 890 of the Education Law was disposed of on the return of the notice of

motion. I see no reason for changing my opinion that the doors of the court are not closed to the petitioners, even though they might have taken the controversy to the Commissioner of Education. For the reasons stated in my memorandum covering this objection, I must still hold that the petitioners cannot be deprived of their legal right to redress their wrongs in the courts of the State."

In the case of *Matter of Levitch* v. *Board of Education* (243 N. Y. 373) a school teacher was removed from her employment and all that was held by the Court of Appeals was (at p. 375) that " she, having appealed to the Commissioner of Education, the decision was final and conclusive upon her," and the court wrote in another part of its opinion (same page), " having appealed to the Commissioner, the petitioner and her substituted representative were barred from resorting to the courts. What her rights would have been had she not appealed to the Commissioner we do not determine."

The rule laid down in the *Levitch* case is that a party who seeks relief by appeal to the State Commissioner of Education may not thereafter seek relief in the courts because the decision of the Commissioner of Education, under the statute, is made " final and conclusive; " although it " involved the construction or application of a statute did not deprive him of jurisdiction." (Citing *Barringer* v. *Powell*, 230 N. Y. 37, 43.)

In *Bullock* v. *Cooley* (225 N. Y. 566), in an action, the plaintiff was nonsuited because he had tried to invoke the processes of the court after having availed himself of the appeal privileges under the Education Law. Here, again, the court simply held that an appeal having been taken to the State Commissioner of Education his decision would not be reviewed by the courts in view of the fact that the statute has made his decision final and conclusive. (See *People ex rel. Board of Education* v. *Finley*, 211 N. Y. 51, wherein a motion for a writ of prohibition was denied because the whole subject of controversy had been submitted by appeal to the State Commissioner of Education.)

Again the court merely held that the State Commissioner of Education had authority to hear the appeal, and the matter having been brought before him, the court would not interfere.

In this case I decide as a matter of discretion that the petitioner is within his rights to apply for a mandamus order, and in the circumstances it should be granted to petitioner, directed to the board of education of the city of Poughkeepsie and the superintendent of schools, commanding them to allow petitioner's infant son to attend the kindergarten class of School No. 8.

The motion is granted, but no costs are allowed.