W. Vincent Grady, J.
This is an article 78 proceeding to compel respondents to reinstate the infant petitioners as full time students in the New Rochelle High School. The infant petitioners were suspended indefinitely pursuant to the New Rochelle School Board Resolution No. 69-323 on March 17, 1969, on the grounds that they had been arrested on March 10, 1969, by the Mamaroneck police and charged with the criminal possession of a hypodermic instrument. It is apparent that the Superintendent of Schools relied upon that portion of Board of Education Resolution No. 69-323 which mandates suspension of “ any student upon his indictment or arraignment in any court * * * for any criminal act of a nature injurious to other students or school personnel ”.
Section 3214 (subd. 6, par. a) of the Education Law provides that suspension can only be invoked upon the following minors:
“ The school authorities, the superintendent of schools, or district superintendent of schools may suspend the following minors from required attendance upon instruction:
“ (1) A minor who is insubordinate or disorderly;
“ (2) A minor whose physical or mental condition endangers the health, safety, or morals of himself or of other minors;
“ (3) A minor who, as determined in accordance with the provisions of part one of this article, is feebleminded to the extent that he cannot benefit from instruction.”
The respondents contend that the validity of the challenged resolution may not be lawfully determined in an article 78 proceeding and that petitioners have not exhausted their administrative remedies of appeal to the Commissioner of Education under section 310 of the Education Law.
It has been held that mandamus will lie commanding the admission to classes of an excluded pupil where the controversy turns on the interpretation of a statute. (Matter of Crispell v. Rust, 149 Misc. 464.)
*329 The cases cited by respondents are not applicable to the facts in the case before the court since those cases did not involve the interpretation of a statute.
The question which is raised in this proceeding is whether the respondents in suspending the infant petitioners under resolution 69-323 of the New Rochelle Board of Education went beyond the powers conferred upon by the Superintendent of Schools and the Board of Education under section 3214 (subd. 6, par. a) of the Education Law.
Respondents argue that the resolution was within the powers conferred by subdivisions 2 and 3 of section 2503 of the Education Law which gives power to the Board of Education to prescribe such regulations as may be necessary to make effectual the provisions of the Education Law for the general management, operation, control maintenance and discipline of the schools. Since section 3214 (subd. 6, par. a) of the Education Law specifically defines the grounds for suspension of a student, the powers of the Board of Education are limited in suspension cases to these grounds.
The respondents allege that the Superintendent of Schools suspended petitioners for the reason that: ‘ ‘ possession by a high school student of heroin and of a hypodermic syringe for injection of the drug into the blood stream regardless of where offense is committed identified offender as a person whose conduct and mental condition endanger the safety, morals, health and welfare of other high school students with whom he would associate in the school. ’ ’
While the use of heroin by students off the high school premises bears a reasonable relation to and may endanger the health, safety and morals of other students, the bare charges against petitioners of possession of heroin do not justify suspension of petitioners on the grounds set forth in section 3214 (subd. 6, par. a) that they are insubordinate or disorderly; nor that their physical or mental condition endangers the health, safety or morals of themselves or other minors.
The court finds that the respondents have exceeded the powers conferred upon them by the Education Law in suspending- the infant petitioners on the ground that they have been accused of possession of heroin. Until the Legislature amends the Education Law, suspension of a student should be done pursuant to a strict interpretation and application of section 3214 (subd. 6, par. a) of the Education Law.
The court need not decide the constitutional issues raised by petitioners since petitioners are entitled to the relief they seek *330 on the ground that the New Rochelle Board of Education exceeded its powers under the Education Law in suspending the infant petitioners.
The application of the intervenors to intervene in this proceeding is denied. However, since it appears that the infant Douglas Herman was suspended for five days for being charged with possession of marijuana off school grounds, and his suspension has terminated, his intervention herein is now moot, but based on the within decision, the record of his suspension should be expunged from the school records.
The petition is granted and the Board of Education of the City of New Rochelle is ordered to permit petitioners to attend New Rochelle High School forthwith as full time students and the record of their suspensions should be expunged from the school records.