Bertram Harnett, J.
Michael Curry was accused of striking a teacher in Freeport High School. Out of this incident he was directed by the Freeport Board of Education to be sent to a special school in the fall. His mother brings this article 78 proceeding to block this action.
The Freeport Board of Education notified Michael and his mother that he was to appear for a hearing with the Board of Education. A subsequent notice directed them to appear for a hearing before the Board of Education “ Trial Commission ” (quotations supplied). This “ Trial Commission” was composed of two of the five members of the board. After the full board reviewed the transcript of the “ Trial Commission’s ” hearing, it notified Mrs. Curry, Michael’s mother, that he was to be sent to a special school in the fall. Neither Mr. nor Mrs. Curry consented to this direction. The question raised by this .petition is whether the board can make this direction.
The court rules that the board’s decision violates section 3214 of the Education Law and must be annulled. The court further finds that the hearing held before a “ Trial Commission ” and not the full board was improper and cannot form the basis for any other board action with respect to Michael which requires a hearing as a condition precedent.
The authority to direct attendance at a special school is contained in subdivision 5 of section 3214 of the Education Law which provides, in part: “ After reasonable notice to a school delinquent and to the person in pare-ntal relation to him and an opportunity for them to heard, ,a public school official, as hereinafter provided, may, with the, consent in writing of the person in.parental relation to the school delinquent, order him to attend a special day school ’ ’. Accordingly, consent in writing oí a parent was plainly necessary before the Board of Education could order Michael Curry to attend a special day school. Since no such consent in writing was given by either of Michael’s parents, the Board of Education was without authority to make its determination. Section 3214 (subd. 5, par. c) of the Education Law outlines a procedure to be employed if a parent refuses to consent in writing to an order that his child attend a special day school, but the board made no apparent election to proceed against either parent under it.
*653 During oral argument, considerations of suspending Michael were set forth. For the guidance of the board, this court will observe that, in its opinion, the board cannot hereafter suspend Michael for a period of more than five days without a new hearing before a full board. Subdivision 6 of section 3214 of the Education Law, as amended by chapter 307 of the Laws of 1969, provides that, where the Board of Education orders a pupil suspended for more than five days, the pupil shall have a right to a fair hearing before the board. Michael’s hearing before the “ Trial Commission ” was not such a hearing. The Board of Education consists of five members. The “ Trial Commission ” consisted of only two members of the board. This was less than the quorum or majority of the full board required for the board to exercise its authority.
Section 41 of the General Construction Law provides: ‘ ‘ Whenever three or more public officers are given any power or authority * * * a majority of the whole number of such persons or officers * * * shall constitute a quorum and not less than a majority of the whole number may perform and exercise such power, authority or duty. For the purpose of this provision the words ‘ whole number ’ shall be construed to mean the total number which the board, commission, body or other group of persons or officers would have were there no vacancies and were none of the persons or officers disqualified from acting. ’ ’ The plain meaning of the statute is that the board cannot perform any of its duties as a board where less than three of its members are present (see Matter of Town of Smithtown v. Moore, 11 N Y 2d 238; Matter of Inc. Vil. of Farmingdale v. Inglis, 17 A D 2d 655). Therefore, on the facts presented, Michael was not given the hearing by the board required by subdivision 6 of section 3214 of the Education Law.