John R. Tenney, J.
The petitioner Carmen MacDonald, 17 years of age, was suspended by order of the Principal of the Liverpool High School on February 23, 1971. In a letter dated February 25, 1971, the Principal advised the petitioner’s father of his action with a brief explanation. He further stated that he was recommending to the Superintendent of Schools that petitioner he permanently expelled, and advised the father, ‘ ‘ if you wish to appeal this suspension, please contact the Superintendent of Schools within five days to arrange a hearing. Unless we hear from you during this period, we will assume that Carmen is to be dropped from our attendance rolls ”. There was no appeal, and the suspension was continued for the remainder of the school year.
Petitioner seeks a judgment declaring (1) that the Principal acted in excess of his jurisdiction, and (2) for his immediate reinstatement. In addition, he asks for a determination prohibiting a hearing or any other form of disciplinary action against him for school offenses committed prior to the time of his suspension. Respondent argues that since the petitioner made no request for a hearing, he has waived his rights, and, therefore, the permanent suspension by the Superintendent of Schools is proper. Furthermore, respondent contends that the petitioner is no longer a resident of the Liverpool School Dis *339 trict, since the father has abandoned parental control, and the petitioner now resides with his maternal grandparents in the City of Syracuse.
Under the Education Law (§ 3214, subd. 6, par. b) a Principal may be delegated the authority to suspend a minor for a period not to exceed five school days. In the case of suspension under paragraph b, the pupil shall on request be given an opportunity for an informal conference with the Principal (par. d). Paragraph c provides that “ No pupil may be suspended for a period in excess of five school days unless such pupil or person of parental authority shall have had an opportunity for a fair hearing, upon reasonable notice ” and “ Such hearing shall be held before the superintendent of schools if the suspension was ordered by him. ’ ’
It appears that the respondent has erred in this matter. There is little question that the Principal has the authority to suspend the pupil for a period not to exceed five days. The issue is whether or not there should be a hearing conducted by either the Superintendent of Schools or the Board of Education as provided under section 3214 (subd. 6, par. c) before the suspension is extended for a longer period. Although the statute does not say that the hearing is mandatory, the implication is clear. There is no indication that the pupil or his parent is required to apply for the hearing. It merely states “ shall have had an opportunity for a fair hearing, upon reasonable notice ”. It seems that a proper interpretation of that phraseology would require that the hearing be scheduled, and that the parent and the pupil be advised of the date and their appropriate rights. (Curry v. Board of Educ., 60 Misc 2d 651; Matter of George v. Fiore, 62 Misc 2d 429.)
In this particular case, a belated attempt to schedule such a hearing has been made by the Board of Education by a notice dated May 20,1971. Apparently, this action was precipitated by an inquiry dated May 18 on behalf of the petitioner. In the interim period, the petitioner has been under suspension for a period greatly in excess of five days (almost 120). It would seem that a hearing scheduled this late is not consistent with the statutory requirement. The school board contends that its ability to meet the statutory requirements has been impaired by a decision of the Commissioner of Education in Matter of Dishaw (10 N. Y. Educ. Dept. Rep., Opn. No. 8176 [Aug. 24, 1970]). In that case, the Superintendent of Schools allegedly conducted a hearing to determine whether or not a student should be punished because of participation in a certain incident. *340 At the date of the hearing, there was no testimony taken and no record kept. At the conclusion of the meeting, the suspension in excess of five days was confirmed by the Superintendent. Subsequently, the Board of Education directed a formal hearing and designated the Superintendent to hear the appeal. This, the Commissioner held, was improper, since the Superintendent had already made a determination and had officially announced that the student would be expelled. This ruling seems to cause considerable problems to respondent, but its alarm is misplaced and unnecessary. Under section 3214 (subd. 6, par. a), “the board of education, board of trustees or sole trustee, the superintendent of schools, or district superintendent of schools may suspend minors ”. Under section 3214 (subd. 6, par. b) they may delegate that responsibility to the Principal. However, if a suspension is ordered by authority of section 3214 (subd. 6, par. a), a hearing is required by that body or person before the suspension may exceed a period of five days. Thus, if the Superintendent acts, he will hold the hearing. If the board suspends, it will conduct the hearing. This is not a review of their own decisions, but merely a fact-finding proceeding to determine whether further suspension is mandated. In Matter of Dishaw (supra) there was an informal hearing before the Superintendent for this purpose. The Commissioner held that it was improper for the Superintendent to preside over a review of his own actions following such a hearing whether informal or formal. This is consistent, because section 3214 (subd. 6, par. c) requires such a review by appeal to the Board of Education. (Curry v. Board of Educ., 60 Misc 2d 651, supra; N. Y. Legis. Annual, 1969 [L. 1969, ch. 307], p. 205.)
In the instant case, it was improper for the Superintendent to confirm the actions of the Principal, and thus, extend the suspension beyond the period of five days without a hearing. The Superintendent of Schools and the Board of Education have no authority to confirm the action of a Principal and by this method extend the period of suspension without advising the student and his guardian of his rights and in the first instance, providing for a formal hearing wherein the student shall have the right to examine the witnesses and be represented by counsel as is set forth under section 3214 (subd. 6, par. c). The misunderstanding of the import of the Commissioner’s ruling has led the Liverpool Board of Education to adopt a policy which puts the burden of arranging a hearing upon the student, which is contrary to the intent of the statute. The fact that the Principal recommends permanent suspension to the Superintendent of Schools is ade *341 quate cause for the Superintendent, not the parent or pupil, to immediately schedule a hearing and give proper notice. Any other procedure would he a violation of section 3214.[1]
As to respondent’s arguments that the petitioner is no longer a resident of the district, there are not sufficient facts available before the court to make a determination. Therefore, this question should be referred to the respondent for consideration consistent with the Education Law. No hearing may be held at this late date with reference to the offenses committed prior to the suspension. The court fails to see how such a hearing could be of any advantage to anyone in view of the above holding and the already extensive unlawful suspension. If petitioner produces sufficient evidence to establish his residence in the district, he should be immediately reinstated.

. Customarily, the principal will be taking the initial action with reference to suspension. Should the matter be of such a serious matter that the principal feels further action is required by the Superintendent, or the Board of Education, it would be a denial of the due process of law and a violation of the compulsory education requirements of article 65 of the Education Law to extend the suspension without first having a proper fair hearing.