monthly mortgage loan payments on the residence which he was providing for petitioner and the children, less $100 per month "as Petitioner's share of shelter", apparently because petitioner gets the benefit of the home while also caring for the children therein, thus, in effect, putting the burden on the children to pay that amount to support their mother, since she has no income or assets. Respondent has remarried and continues to live in Texas, a community property State. He argued and the court held that, therefore, his wife owns one half of his income, so that in considering his ability to pay, the court should reduce his income by one half. If we assume that respondent is correct in his contention, we must then deduct from his asserted living expenses those which he has listed for the support of his present wife and her children by a prior marriage, because the record shows that she owns a home in Texas, one half of a condominium in Florida and stock in respondent's furniture company besides her assumed one-half interest in his income. Prior to the institution of this proceeding respondent was paying the utilities on the Pittsford home for his children, plus the medical expenses and monthly support payments. It appears that petitioner's affidavit of the budgetary needs of the children are excessive in some respects, especially as to automobile expenses which have been duplicated by estimating car insurance and depreciation as well as 12 cents per mile for car operation. Since respondent is furnishing a home for the children, we determine that the order of Family Court should be modified to direct that so long as he continues to furnish such home, without the utilities, he shall also pay to petitioner for the support of the two children the sum of $700 per month and pay all reasonable medical, hospital and dental expenses for them; and as so modified the order is affirmed. (Appeal from order of Monroe County Family Court modifying divorce decree.) Present— Marsh, P. J., Moule, Cardamone, Simons and Witmer, JJ.

■ HERMAN GERACI et al, Appellants, v EIGHTH DISTRICT DENTAL SOCIETY OF THE STATE OF NEW YORK et al., Respondents.—Order unanimously affirmed, with costs, and complaint dismissed without prejudice. Memorandum: Plaintiffs are dentists who seek to enjoin defendants, officers of a professional society to which plaintiffs belong, from holding allegedly biased hearings to determine whether the plaintiffs have violated the society's ethical standards. The charges preferred against plaintiffs are based upon their employment at a dental clinic which provides dental services under prepaid dental contracts. However, no determination of unethical conduct as set forth in the "Principles of Ethics" of the society has been made; nor has any disciplinary sanction been imposed. Therefore, the plaintiffs have not exhausted their internal, administrative remedies, and their action is premature as a matter of law *(Thomas v Musical Mut. Protective Union,* 121 NY 45; *Reid v Medical Soc. of County of Oneida,* 162 App Div 923; *Moyse v New York Cotton Exchange,* 143 App Div 265, 268; *Gillman v Tenth Dist. Dental Soc. of State of N.Y.,* 25 Misc 2d 457, app dsmd 10 AD2d 700). Plaintiffs have also failed to allege or establish any "state action" by defendants upon which equitable relief enforcing the due process clause of the Fourteenth Amendment could be predicated (see *Moose Lodge No. 107 v Irvis,* 407 US 163, 171–177; *Matter of Salter v New York State Psychological Assn.,* 14 NY2d 100, 104–106). (Appeal from order of Erie Supreme Court dismissing complaint.) Present—Marsh, P. J., Moule, Cardamone, Simons and Witmer, JJ.

■ RUTH S. PITTS et al., as Parents and Guardians ad Litem of PHILLIP SINK, Appellants, v BUFFALO BOARD OF EDUCATION, Respondent.—Appeal