Paulette ROSS, Individually and on behalf of her minor daughter, Charise Ross, Lenton Warren, Individually and on behalf of his minor sons, Marvin Warren and Bobby Warren, Angelia Clarke, John Ponder and Margo Cooper, each on his own behalf and on behalf of all others similarly situated, Plaintiffs,

v.

Charles DISARE, Individually and in his capacity as Superintendent of City School District of the City of Newburgh, Murray L. Cohen, Individually and in his capacity as Chairman of the School Board of the City School District of the City of Newburgh, The School Board of the City School District of the City of Newburgh, John Suydam, Individually and in his capacity as Principal of North Junior High School of the City School District of the City of Newburgh, and Peter Dubaldi, Individually and in his capacity as Vice-Principal of North Junior High School of the City School District of the City of Newburgh, Defendants.

No. 74 Civ. 5047 (JMC).

United States District Court,
S. D. New York.

June 8, 1977.

See also, D.C., 500 F.Supp. 935.

Mid-Hudson Legal Services, Inc., Poughkeepsie, N. Y. (Laura Zeisel, Newburgh, N. Y., of counsel), Steven Goode and Richard B. Sobol, Washington, D. C., for plaintiffs.

Demov, Morris, Levin & Shein, New York City (Robert S. Ordman and Joel J. Spector, New York City, of counsel), for defendants.

## OPINION AND ORDER

CANNELLA, District Judge:

Plaintiffs' motion, for a preliminary injunction, is granted in accordance with the opinion below. Before proceeding to a discussion of the preliminary injunction motion, however, there are a number of other matters pending before the Court which must be resolved.

Defendants' motion, to dismiss the complaint as to plaintiffs Harvey J. Burger and the Newburgh Chapter of the N.A.A.C.P., is granted, on the latters' consent.

The motion to dismiss, interposed by defendant School Board of the City School District of the City of Newburgh ("School Board" or simply, "the Board"), is denied. The complaint adequately states a claim against the Board under Section 204(d) of the Equal Educational Opportunities Act of 1974, 20 U.S.C. § 1703(d). As far as the jurisdictional amount requirement of 28 U.S.C. § 1331 is concerned, it does not appear "to a legal certainty," *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938), that the right to be protected, here the right to an equal educational opportunity, is of a value no greater than $10,000. *See Huntsville City Board of Education v. Brown*, 379 F.Supp. 1092, 1094 n. 3 & cases cited therein (M.D.Ala.1974) (three-judge court). Of course, no claims may be asserted against the School Board under 42 U.S.C. § 1983, as the Board is not a person within the meaning of that statute. *Kornit v. Board of Education*, 542 F.2d 593 (2d Cir. 1976) (per curiam); *Monell v. Department of Social Services*, 532 F.2d 259, 263–64 (2d Cir. 1976).

Plaintiffs' motion, to add as defendants the present members of the School Board, is granted as is their motion to substitute Murray L. Cohen for Floyd W. Penney, as Chairman of the School Board, and Charles Disare for Edwin F. Klotz, as Superintendent of the City School District of the City of Newburgh ("School District"). *See* Fed.R. Civ.P. 25(d)(1). Insofar as the claimed lack of a continuing controversy with respect to these defendants is concerned, *see Spomer v. Littleton*, 414 U.S. 514, 94 S.Ct. 685, 38 L.Ed.2d 694 (1974), the Court finds otherwise, as is discussed below.

## THE INJUNCTION

After the instant litigation had been pending for more than two years, plaintiffs brought this motion for preliminary injunctive relief based upon a small portion of their amended class action complaint.[1]

---

1. Although the Court has decided to entertain the instant motion for a preliminary injunction, it will not tolerate further piecemeal litigation of the remaining issues in the case.

The thrust of the allegations in the complaint taken in its entirety is that plaintiffs, non-white students attending schools in the Newburgh City School District, (1) have been threatened with and/or subjected to disciplinary action because of their criticism of school policies and (2) have been threatened with and/or subjected to harsher and more frequent disciplinary action than have white students. One of the four causes of action, however, includes the claim that plaintiffs' due process rights, as well as those created by § 3214 of the New York Education Law, have been violated as a result of defendants' failure to provide adequate notice and an adequate opportunity to be heard in connection with certain suspensions from school. Plaintiffs seek to enjoin these violations but rest, for the purposes of this motion, on their pendent state law claims, eschewing for the moment any constitutional claim they may have.[2]

New York Education Law § 3214(3) provides, in pertinent part:

b. The board of education, board of trustees, or sole trustee may adopt bylaws delegating to the principal of the district, or the principal of the school where the pupil attends, the power to suspend a pupil for a period not to exceed five school days.

c. No pupil may be suspended for a period in excess of five school days unless such pupil and the person in parental relation to such pupil shall have had an opportunity for a fair hearing, upon reasonable notice, at which such pupil shall have the right of representation by counsel, with the right to question witnesses against such pupil and to present witnesses and other evidence on his behalf. . . .

A record of the hearing shall be maintained, but no stenographic transcript shall be required and a tape recording shall be deemed a satisfactory record.

Plaintiffs allege seven separate violations of the above statute, based upon defendants' failure to:

1) afford plaintiffs the opportunity for a hearing before the superintendent of schools and a decision based on the evidence adduced at the hearing within five school days after the start of the suspension;

2) afford plaintiffs the right to question the witnesses against them;

3) maintain adequate records of these hearings;

4) provide plaintiffs and their parents with adequate notice of (a) their right to a hearing and a decision within five school days of the suspension, (b) their right to present witnesses and other evidence on their behalf, (c) their right to question witnesses against them, and (d) their right to appeal the decision of the superintendent to the board of education;

5) provide plaintiffs and their parents with adequate notice of the charges upon which the suspension is based;

6) afford plaintiffs and their parents the opportunity to inspect statements and other records prior to their introduction into evidence at the hearings;

7) ensure that plaintiffs will be suspended only by those officials that possess the lawful authority to do so.

■ The Court finds that plaintiffs have sufficiently established a number of these

2. This case has been certified as a class action brought on behalf of

(1) all non-white students attending schools in the Newburgh City School District who are threatened with and/or subjected to disciplinary action because of their expression of criticism of the school policies and/or officials, and

(2) all non-white students who are threatened with and/or have been subjected to disci-

plinary action in violation of due process or state law, and/or who have been subjected to or threatened with harsher or more frequent disciplinary punishment than white students.

Because of the nature of the instant claims, however, this motion is deemed to have been brought only on behalf of those members of the above two classes "who are threatened with and/or have been subjected to disciplinary action in violation of . . . . state law."

claims to warrant the issuance of a preliminary injunction.[3]

The evidence submitted by plaintiffs in support of the instant motion consists of information culled from the following documents produced by defendants:

a) the superintendent's files for hearings in connection with student suspensions in excess of five days for the 1974–75, 1975–76 and 1976–77 school years (twenty-seven of these suspensions involved class members);

b) summaries of requests made during the 1975–76 school year for superintendent's suspension hearings;

c) chronological logs of all student suspensions in Newburgh Free Academy, North Junior High School and South Junior High School for the 1973–74, 1974–75 and 1975–76 school years.

*Opportunity for a Hearing—Five-Day Limit*

■ Plaintiffs claim that defendants have violated the requirement of Section 3214(3)(c) that "[n]o pupil may be suspended for a period in excess of five school days unless such pupil . . . shall have had an opportunity for a fair hearing" in a number of ways. Firstly, it is alleged that, on at least nineteen occasions during the 1975–76 school year, members of the plaintiff class were suspended in excess of five school days without being afforded an op-

portunity for a hearing, as the statute requires. The evidence indicates, however, that these suspensions were actually for periods of five days or less and that any additional absence of the student contiguous to the suspension period was generally voluntary on the student's part and neither ordered nor authorized by school officials. Such an absence is not a suspension within § 3214(3). *George v. Fiore*, 62 Misc.2d 429, 308 N.Y.S.2d 744, 747 (Sup.Ct.Erie County 1970).

■ Secondly, it is claimed that, where plaintiffs were given hearings, such hearings often were held more than five school days after the start of the suspension.[4] Plaintiffs base this claim on the fact that seven class members were suspended for periods ranging from six to fourteen school days before being afforded hearings, and from seven to fifteen days before decisions were rendered. In these cases, however, the delays were due largely to the defendant superintendent's former practice of notifying a suspended student's parents of the suspension and requesting that the parent contact the school to arrange a convenient date for a hearing. Apparently realizing that placing the burden of scheduling a hearing on the student or his parents is contrary to the mandate of the statute, *MacDonald v. Tompkins*, 67 Misc.2d 338, 323 N.Y.S.2d 1002, 1005 (Sup.Ct.Onon-

---

**3.** Defendants argue that the principles of comity and federalism demand that this Court abstain from deciding the issues of state law that are presented by the instant motion. The mere existence of a state law issue, however, does not itself justify abstention; in addition, the state law must be unclear. *Brown v. First Nat'l City Bank*, 503 F.2d 114, 117–18 (2d Cir. 1974); *Reid v. Board of Education*, 453 F.2d 238 (2d Cir. 1971); *cf. Railroad Comm'n v. Pullman Co.*, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941).

**4.** Section 3214(3)(c) "does not require that the actual disciplinary hearing be held within five school days from the first day of the suspension," only that "the suspension may not continue beyond five school days unless and until the student has been afforded an opportunity for a hearing and a determination adverse to the interests of that student has been made." *In re Manson*, 11 Ed.Dep't Rep. 48, 49–50 (1971); *accord, In re Chipman*, 10 Ed.Dep't

Rep. 224, 226 (1971). *See also MacDonald v. Tompkins*, 67 Misc.2d 338, 323 N.Y.S.2d 1002 (Sup.Ct.Onondaga County 1971); *In re Corbett*, 12 Ed.Dep't Rep. 184 (1973).

Judicial decisions of the Commissioner of Education of the State of New York, as reported in the Education Department Reports of New York State (Ed.Dep't Rep.), are made pursuant to New York Education Law § 310 and are not subject to review of any sort, save when such a decision is arbitrary or illegal. *Mugavin v. Nyquist*, 48 App.Div.2d 727, 367 N.Y.S.2d 604 (3d Dep't 1975), *aff'd*, 39 N.Y.2d 1003, 387 N.Y. S.2d 241, 355 N.E.2d 296 (1976). Under New York Law, the Commissioner's construction of the Education Law is entitled to great weight. *Lezette v. Board of Education*, 35 N.Y.2d 272, 281–82, 319 N.E.2d 189, 360 N.Y.S.2d 869, 876 (1974); *Coates v. Ambach*, 52 App.Div.2d 261, 383 N.Y.S.2d 672, 674 (3d Dep't 1976); *Mugavin v. Nyquist, supra.*

daga County 1971), this practice was abandoned at the beginning of the present school year (Affidavit of Charles Disare filed February 14, 1977 Paragraph 8). Presently, the initial hearing date, within five school days of the suspension, is contained in the letter to the parents notifying them of the suspension. In that decisions have consistently been rendered either on the day of the hearing, or on the following day, there is currently no violation of the five-day limitation of Section 3214.[5]

*Right to Question Adverse Witnesses*

■ Plaintiffs also allege that the failure of the hearing officers to make decisions based upon evidence that has been subjected to scrutiny by cross-examination is a violation of the above-cited section of New York's Education Law. The evidence before the Court indicates that the hearings are consistently held in the absence of witnesses to the events that form the bases for the suspensions. In their absence, unsworn written statements are admitted as proof of the events detailed therein. This practice is clearly inconsistent with plaintiffs' statutorily guaranteed right to question witnesses against them. New York Education Law § 3214(3)(c) (McKinney 1976); *In re Inman*, 15 Ed.Dep't Rep. 506 (1976); *In re Watson*, 10 Ed.Dep't Rep. 90, 91 (1971); *In re Rose* 10 Ed.Dep't Rep. 4, 5 (1970).

*Adequate Hearing Records*

■ Plaintiffs maintain that defendants' failure to provide or even allow provision for[6] a verbatim transcript or tape recording of the disciplinary hearings violates Section 3214(3)(c). Although Kenneth DeWitt, Associate Superintendent of the Newburgh City School District, admits that the stenographers merely attempt to record "the gist" of what is going on at the hear-

ings, defendants nonetheless contend that the resulting minutes fully and accurately record what transpires. Regardless of the accuracy of this contention, the failure to keep a verbatim record of a student disciplinary hearing is a violation of New York law. *In re Corbett*, 12 Ed.Dep't Rep. 184 (1973); *In re Grandal*, 11 Ed.Dep't Rep. 144, 146–47 (1972); *In re Taylor*, 10 Ed.Dep't Rep. 95 (1971); *In re Watson*, 10 Ed.Dep't Rep. 90 (1971); *In re Rose*, 10 Ed.Dep't Rep. 4, 5–6 (1970).

*Notice of Rights Granted by the Statute*

Plaintiffs contend that defendants' failure to advise them of their right to a hearing and decision within five days of the suspension, to present witnesses and other evidence on their behalf, to question adverse witnesses and to appeal the superintendent's decision, is a further violation of Section 3214. The sole authority cited for this proposition is *MacDonald v. Tompkins*, 67 Misc.2d 338, 323 N.Y.S.2d 1002 (Sup.Ct. Onondaga County 1971), in which the court stated that, when a school district seeks to suspend a student for more than five days, the student and his or her parents must be advised of the hearing date "and their appropriate rights." 323 N.Y.S.2d at 1004. From this single broad statement this Court cannot conclude that New York law is clear regarding a student's entitlement to notice of the rights granted in Section 3214. Accordingly, the Court will abstain from ruling in this area. *See United States v. 12 200-Ft. Reels of Super 8MM. Film*, 413 U.S. 123, 130 n. 7, 93 S.Ct. 2665, 2670, n. 7, 37 L.Ed.2d 500 (1973); *Railroad Comm'n v. Pullman Co.*, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941); *Shelton v. Smith*, 547 F.2d 768, 770 (2d Cir. 1976); and note 3 *supra*.

---

5. Adjournment of the hearing at the parents' request does not violate the statute. Moreover, the remedy for an occasional violation of the five-day rule would not be an injunction, such as is sought herein, but an application by the student for an order that he or she be readmitted to school pending a hearing. *In re Corbett*, 12 Ed.Dep't Rep. 184 (1973); *In re Chipman*, 10

Ed.Dep't Rep. 224, 226 (1971); *In re Dishaw*, 10 Ed.Dep't Rep. 34 (1970).

6. When counsel for one of the suspended students attempted to tape record his disciplinary hearing, Charles Disare, the present Superintendent of Schools, apparently refused to proceed with the hearing.

*Notice of Charges*

■ In approximately one-third of the cases involving suspensions in excess of five days the parents of the suspended students were not notified of the reasons for the suspensions. This is a violation of the statute. *Pitts v. Buffalo Board of Education*, 51 App.Div.2d 658, 378 N.Y.S.2d 190 (4th Dep't 1976); *In re Rose*, 10 Ed.Dep't Rep. 4, 5 (1970).

*Notice of Evidence Admitted*

■ The record before the Court also indicates that on numerous occasions written statements, describing both the events giving rise to the suspensions and the students' anecdotal record, were introduced into evidence at the hearings without prior notice that they would be offered into evidence and at times in the face of denials that such statements would be so used. This violates New York law as it interferes with the student's ability to adequately formulate a defense to the charges against him. *In re Louis*, 14 Ed.Dep't Rep. 422, 425–26 (1975); *In re Cousins*, 10 Ed.Dep't Rep. 245, 246–47 (1971); *In re Watson*, 10 Ed.Dep't Rep. 90, 91 (1971).

*Proper Suspending Official*

■ While Section 3214(3)(b) authorizes a board of education to adopt by-laws delegating the power to suspend a student for a period of five days or less to the principal of the district or of the school attended by the student, there is no provision for any further delegation of the power to suspend. Indeed, suspensions ordered by any other school official are illegal. *In re Macheski*, 13 Ed.Dep't Rep. 112 (1973); *In re Corbett*, 12 Ed.Dep't Rep. 184 (1973); *In re Lawlor*, 11 Ed.Dep't Rep. 261, 262 (1972); *In re Watson*, 10 Ed.Dep't Rep. 90, 91 (1971). During the 1975–76 school year, 634 of the 644 suspensions of class members at the Newburgh Free Academy were made by school officials other than the principal. This shows a pervasive practice in violation of state law.

■ As the above discussion indicates, largely undisputed facts establish consistent violations of the following requirements of § 3214 of the New York Education Law:

1) that a student suspended in excess of five days be given the opportunity to question adverse witnesses;

2) that a verbatim record of the disciplinary hearing be kept;

3) that the suspended student and his or her parents be notified of the reasons for the suspension;

4) that the student and parents be notified, prior to the hearing, of written statements to be introduced into evidence at the hearing; and

5) that the student be suspended only by a school official lawfully authorized to do so.

The Court finds this to be a sufficient showing of probable success on the merits to warrant the granting of preliminary injunctive relief. *See Jacobson & Co. v. Armstrong Cork Co.*, 548 F.2d 438, 440–41 (2d Cir. 1977); *Triebwasser & Katz v. American Tel. & Tel. Co.*, 535 F.2d 1356, 1358 (2d Cir. 1976); *Sonesta Int'l Hotels Corp. v. Wellington Assocs.*, 483 F.2d 247, 250 (2d Cir. 1973).

■ The Court further finds that interruption of a child's schooling causing a hiatus not only in the student's education but also in other social and psychological developmental processes that take place during the child's schooling, raises a strong possibility of irreparable injury.[7] *See Jacobson & Co. v. Armstrong Cork Co., supra*; *Triebwasser & Katz v. American Tel. & Tel. Co., supra*; *Sonesta Int'l Hotels Corp. v. Wellington Assocs., supra.* In addition, the significant public interest in the smooth and efficient running of the school system is

---

7. The modicum of home instruction apparently provided for a few of the suspended students herein does not represent an educational experience sufficiently similar to in-school instruction to eliminate the possibility of irreparable harm present when pupils are suspended without sufficient safeguards. *Compare Cooley v. Board of School Commissioners*, 341 F.Supp. 1375, 1379–80 (S.D.Ala.1972).

cognizable on a motion for a preliminary injunction. *Pride v. Community School Board*, 482 F.2d 257, 264 (2d Cir. 1973); *Studebaker Corp. v. Gittlin*, 360 F.2d 692, 698 (2d Cir. 1966); *Lower East Side Neighborhood Health Council-South, Inc. v. Richardson*, 346 F.Supp. 386, 388–89 (S.D.N.Y. 1972) (Lasker, J.).

## CONCLUSION

The Court having found a consistent pattern of violations of New York Education Law Section 3214 and having further found that the other requirements for the issuance of a preliminary injunction have been satisfied, it is hereby Ordered that defendants Murray L. Cohen, chairman of the School Board of the City School District of the City of Newburgh; Charles Disare, Superintendent of said School District; the School District itself; John Suydam, Principal of North Junior High School; Peter Dubaldi, Vice-Principal of North Junior High School; and their agents, employees and officers, be and hereby are enjoined, pending a final determination of this action, from suspending members of the plaintiff class for periods in excess of five school days without

1) affording them the opportunity for a hearing at which the student may question adverse witnesses;

2) preparing a verbatim record of such disciplinary hearing;

3) notifying the student and his or her parents of the reason for the suspension; and

4) notifying the student and parents, prior to the hearing, of any written statements to be introduced into evidence at the hearing.

These defendants are further enjoined from causing suspensions of members of plaintiff class by anyone other than those school officials lawfully empowered to suspend students.

The foregoing constitute the findings of fact and conclusions of law of the Court pursuant to Rule 52(a) of the Federal Rules of Civil Procedure.

SO ORDERED.