■ In the Matter of ANDREW GIOE, Petitioner, v BOARD OF EDUCATION OF THE EAST WILLISTON SCHOOL DISTRICT et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondents, dated February 14, 1985, which, after a hearing, found the petitioner guilty of misconduct and dismissed him from his position as a maintainer.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, without costs or disbursements.

We find unpersuasive the petitioner's contention that he was denied a fair hearing as a result of the alleged personal involvement of the Hearing Officer in the case. The record reveals only that the Hearing Officer is the attorney for the respondent East Williston Union Free School District and that he was informed by the School District of the general charges

against the petitioner before conducting the hearing. There is no indication that the Hearing Officer was made aware of any of the facts of the case prior to the hearing, nor is there evidence of bias or personal involvement on his part. Hence, given the absence of such unusual circumstances, we conclude that the petitioner was not denied his right to a fair hearing and an impartial Hearing Officer *(see,* Civil Service Law § 75 [2]; *Matter of Pollman v Fahey,* 106 AD2d 771; *Matter of O'Neil v De Santis,* 40 AD2d 924).

Moreover, we reject the petitioner's contention that the determination of the respondents is unsupported by substantial evidence. The hearing record fully sustains the finding that the petitioner was guilty of several instances of misconduct during his employment, and we discern no basis for disturbing the determination. Similarly, the extensive factual findings contained in the Hearing Officer's report and recommendation provide an ample basis for the petitioner's dismissal and are clearly sufficient to facilitate meaningful judicial review *(cf. Matter of Simpson v Wolansky,* 38 NY2d 391).

Finally, the penalty of dismissal is not grossly disproportionate to the petitioner's misconduct; thus, the imposition of that penalty was not an abuse of discretion *(see, Kostika v Cuomo,* 41 NY2d 673; *Matter of Pell v Board of Educ.,* 34 NY2d 222). Niehoff, J. P., Kunzeman, Kooper and Sullivan, JJ., concur.