■ JAMES DIMELE, an Infant, by BEVERLY DIMELE, His Parent and Natural Guardian, Appellant, v ROBERT POTTER, as Principal of Saugerties High School, et al., Respondents. (And Another Related Action.)—Yesawich Jr., J. Appeal from an order and judgment of the Supreme Court (Bradley, J.), entered June 1, 1990 in Ulster County, which granted defendants' motion for summary judgment dismissing the complaints.

Following a student disciplinary hearing held on May 4, 1987, plaintiff, then a high school senior, was found guilty of charges of insubordination. The Hearing Officer, who was engaged and paid by defendant Saugerties Central School District and appointed by defendant Superintendent of the Saugerties Central Schools at the urging of the school district's legal counsel, recommended that plaintiff be suspended an additional 15 days; prior to the hearing plaintiff had been briefly suspended by school administrators. The Hearing Officer's recommendation was advisory only; however, after reviewing the record of the hearing, the Superintendent accepted the recommendation. Plaintiff thereupon commenced suit seeking a declaration that the suspension hearing was illegal, rescission of the determination stemming from the hearing and money damages. Plaintiff's complaint, insofar as it is pertinent to this appeal, alleges that the method of selection and payment of the Hearing Officer and the latter's refusal to open the hearing to the public violated plaintiff's due process rights. Supreme Court granted defendants' motion for summary judgment dismissing the complaint, prompting this appeal by plaintiff.

Supreme Court quite rightly rejected plaintiff's contention that the method by which the Hearing Officer was chosen and paid violated plaintiff's due process rights. While plaintiff

complains that he was not consulted regarding who would serve as the Hearing Officer and that the candidate selected must necessarily have been biased against him because the school district paid him and he was chosen upon advice of the school district's counsel, he offers no proof whatsoever that the appointment was improper or illegal in any respect *(see, e.g., Matter of Gioe v Board of Educ.,* 126 AD2d 723, 724). The record discloses that the Superintendent proceeded in accordance with Education Law § 3214 (3) (c), which confers upon him the power to designate a Hearing Officer at his discretion, and plaintiff has failed to cite any authority that would overcome the strong presumption of constitutionality that this or any other statute enjoys *(see, e.g., Town of Brookhaven v State of New York,* 142 AD2d 338, 340, *appeal dismissed* 74 NY2d 714). Furthermore, the record is barren of evidence of any actual bias or partiality on the Hearing Officer's part *(see, e.g., Matter of Gioe v Board of Educ., supra,* at 724).

Also unavailing is plaintiff's argument that his due process rights were infringed when the Hearing Officer refused to open the suspension hearing to the public and the press. There is no requirement in Education Law § 3214 that hearings of this nature be open to the public *(see, Matter of Edwards,* 19 Ed Dept Rep 347, 348; *cf., Matter of Johnson Newspaper Corp. v Melino,* 151 AD2d 214, 216, *affd* 77 NY2d 1). As section 3214 appears to offer sufficient procedural protections to students subjected to disciplinary hearings and plaintiff can point to nothing that would support his claim that public hearings are mandated, we find no error in Supreme Court's finding that plaintiff was not deprived of due process.

Although we are in agreement with Supreme Court with respect to the substantive issues presented on the appeal, we note that the court simply dismissed the complaints without issuing a declaration as to the hearing's legality *(see, Maurizzio v Lumbermens Mut. Cas. Co.,* 73 NY2d 951, 954). Accordingly, we must modify the court's order to the limited extent of including the appropriate declaration.

Mahoney, P. J., Mikoll and Mercure, JJ., concur. Ordered that the order and judgment is modified, on the law, without costs, by reversing so much thereof as dismissed the complaint; it is declared that the May 4, 1987 suspension hearing was neither illegal nor contrary to law; and, as so modified, affirmed.