896 F.Supp. 96 (1995)
Roseanne SNYDER on Behalf of her daughter, Carly SNYDER, Plaintiff,
v.
Audrey N. FARNSWORTH, in her capacity as Superintendent, Rotterdam-Mohanasen Central School District, Defendant.
No. 95-CV-1234.
United States District Court, N.D. New York.
September 1, 1995.
*97 Etkin & Stark, Schenectady, NY, for plaintiff; Davis M. Etkin, of counsel.
Joseph J. Buchyn, P.C., Schenectady, NY, for defendant; Steven A. Buchyn, of counsel.

MEMORANDUM DECISION AND ORDER
CHOLAKIS, District Judge.
Infant plaintiff Carly Snyder and her mother Roseanne Snyder filed this action pursuant to 42 U.S.C. § 1983, alleging their civil rights were violated during hearings held pursuant to New York Education Law § 3214(3)(c) concerning Carly's suspension from school for allegedly possessing a handgun. Plaintiffs commenced this action by the filing of a complaint and request for an order to show cause seeking a temporary restraining order prohibiting defendant school district from enforcing its determination following such hearings to suspend Carly from school for one year.
On or about June 12, 1995, the infant plaintiff and two other students were involved in an incident at the Rotterdam-Mohonasen Central School District involving the allegation that a .32 caliber Smith and Wesson handgun was brought onto school premises in violation of the law and school policies. All three students were suspended for five days beginning on June 14, 1995. Plaintiffs had been notified earlier that additional disciplinary actions were contemplated. Plaintiff Roseanne Snyder was notified by letter that a hearing would be held on June 16, 1995, to consider additional discipline against the infant plaintiff. Plaintiffs and their attorney appeared at the June 16, 1995 hearing. At that time, student B[1] was not represented by *98 counsel and requested an adjournment for the purposes of obtaining counsel. Student A was classified as "learning disabled." Such classification requires additional procedures, also necessitating an adjournment of his proceeding. Defendant alleges "[c]ounsel for all of the students charged agreed to separate hearings." Defendant's Memorandum of Law, p. 3.
The hearing commenced on June 30, 1995. Carly's hearing was apparently the second hearing held on that date. Complaint, ¶¶ 14, 15. Two witnesses were called by counsel for Carly, with a total of seven witnesses apparently testifying at the hearing. Defendant's Memorandum of Law, p. 3.[2] Plaintiff was notified by letter dated August 9, 1995, that the charge against Carly of possessing a handgun had been established for purposes of recommending discipline under New York Education Law § 3214, and in accordance with the School Board Policy numbers 7470 and 7471, and the recommendation of the hearing officer, Carly was suspended for a period of one year, with home schooling to be arranged during that period. Complaint, Ex.C.
Plaintiffs allege that Carly's due process rights were violated by certain procedural errors in the hearing process, and as such the school district should be enjoined from enforcing the determination to suspend Carly from school. By Order to Show Cause returnable this date, the court granted plaintiffs and defendant an opportunity to demonstrate whether a temporary restraining order should issue prohibiting defendant from enforcing the suspension order against plaintiff Carly Snyder.
The standard for a temporary restraining order under Fed.R.Civ.P. 65 is similar to that for a preliminary injunction. Faced with a request for a preliminary injunction the Court must determine whether the party seeking the injunction has shown:
(1) irreparable harm; and
(2) either
(a) the likelihood of success on the merits, or
(b) sufficiently serious questions going to the merits, and a balance of hardships tipping decidedly toward the party seeking the injunctive relief.
Bourne v. Tower Records, Inc., 976 F.2d 99, 101 (2d Cir.1992); Loveridge v. Pendleton Woolen Mills, Inc., 788 F.2d 914, 916 (2d Cir.1986).
Although defendant argues there has been no showing of irreparable harm, it has been recognized by at least one court that home schooling for disciplinary purposes can result in the type of irreparable harm necessary to justify issuance of an injunction. Ross v. Disare, 500 F.Supp. 928, 934 (S.D.N.Y.1977). This court agrees, removing Carly from school and placing her in a home schooling environment could certainly constitute sufficient irreparable harm to justify issuance of a temporary restraining order. Thus assuming irreparable harm, the question becomes one of likelihood of success on the merits.
Once provided a right to a public education under state law, such right may not be taken away without appropriate due process, including notice and an opportunity to be heard. Goss v. Lopez, 419 U.S. 565, 95 S.Ct. 729, 42 L.Ed.2d 725 (1975). Thus the issue presently before the court is whether plaintiffs have alleged sufficient violations of their due process rights to demonstrate likelihood of success on the merits, or sufficiently serious questions going to the merits to justify issuance of a temporary restraining order.
Plaintiffs assert that the impartial hearing officer, Steven Buchyn could not be impartial, as he practices law with his father, Joseph Buchyn, who serves as legal counsel to the school district, and served in such capacity throughout the period of these hearings. Plaintiffs fail however, to make specific allegations concerning any facts of which the hearing officer was made aware concerning the case, or any showing of bias or personal *99 interest in the case which directly impacted upon the outcome of the proceedings. Absent such a showing, the type of relationship alleged by plaintiffs is insufficient to constitute a violation of due process. See, Matter of Gioe v. Board of Education, 126 A.D.2d 723, 511 N.Y.S.2d 129 (2d Dep't.1987) (Impartial hearing officer also served as attorney for school district). Plaintiffs having failed to provide any evidence of actual bias or partiality on the hearing officers part, there is no basis for invalidating the school district's choice of hearing officer. Dimele v. Potter, 177 A.D.2d 755, 575 N.Y.S.2d 738 (3d Dept.1991) (Fact that hearing officer selected and paid by school district at suggestion of school district's attorney irrelevant).
Plaintiffs next challenge the fact that there were three separate hearings in this matter prior to the final determination of suspension.[3] Plaintiffs contend that since they and their attorney were only in attendance at Carly's hearing, and the same hearing officer presided at all three hearings, the finder of fact heard evidence outside of plaintiffs' presence, and outside the presence of their counsel, which was considered in making the determination to suspend Carly. These assertions are made in somewhat vague and conclusory terms, citing no specific improper information actually considered by the hearing officer. The argument is somewhat bootstrapped by plaintiffs' additional claim that the decision maker refuses to provide the underlying basis of her decision, frustrating further review.
Improprieties in the hearing process which are inconsistent with the provisions of New York State Education Law can justify injunctive relief. Ross v. Disare, 500 F.Supp. 928 (S.D.N.Y.1977) (Hearing held in absence of witnesses, admission of unsworn statements as proof of events and failure to keep verbatim transcript violative of New York Law, temporary restraining order granted.) The current allegations do not however, support a determination that such improprieties have occurred. Separate hearings in and of themselves do not appear to violate the due process rights of the Education Law. Plaintiffs having failed to demonstrate any actual prejudice resulting from such hearings, no due process violation can be gleaned therefrom.
As to plaintiffs' claims that they were entitled to specific findings of fact regarding the basis for superintendent's decision, this court is not prepared to find that plaintiffs have demonstrated a right to anything more than the notice provided in the Superintendent's letter of August 9, 1995, advising of the one year suspension. Complaint Ex.C. In that letter, plaintiffs were advised it was determined that Carly "possessed a .32 caliber handgun in school ..." and that an appropriate disciplinary measure was being imposed. Although plaintiffs assert this is an insufficient factual determination from which to seek review, they have failed to indicate what further finding is necessary; nor have they made any showing of being frustrated in seeking further review. Plaintiffs' claim in this regard also appears unlikely to succeed on the merits.
Similarly, plaintiffs claim their due process rights were violated when the school district refused to provide a list of witnesses and their expected testimony pursuant to a faxed request sent to them on June 29, 1995. Plaintiffs fail however to provide any basis to support their right to the information not received in advance of the hearing, or any actual prejudice resulting from the denial thereof. Such a right does not appear in the State Education Law, and cannot be said to be required by due process.
In response to plaintiffs' allegations concerning inadequacies in the hearing process, defendant notes that plaintiffs have not filed any appeal of the school board's determination, and should be precluded from effectively appealing such decision in this court. Affidavit of Steven Buchyn, ¶ 13. Plaintiff has such an appeal as of right of the substantive determination under New York Education Law § 312, and pursuant to New York C.P.L.R. Article 78. The Commissioner of Education's expertise in such areas is entitled to wide deference from the district court. Ross v. Disare, 500 F.Supp. at 932, n. *100 4. "[Section] 1983 does not extend the right to relitigate in federal court evidentiary questions arising in school disciplinary proceedings or the proper construction of school regulations." Wood v. Strickland, 420 U.S. 308, 326, 95 S.Ct. 992, 1003, 43 L.Ed.2d 214 (1975).
To the extent plaintiffs seek review of the Superintendent's determination or the punishment imposed, this court is not the appropriate forum in which to proceed. To the extent plaintiffs challenge the procedure provided as inadequate in accordance with the requirements of due process, this court finds that plaintiffs have failed to demonstrate a likelihood of success on the merits, or sufficiently serious questions going to the merits to make them fair grounds for litigation. Plaintiffs' request for a temporary restraining order is hereby denied.
IT IS SO ORDERED.
NOTES
[1] Because the other students involved are minors, and have not waived their confidentiality, they have been identified as students A and B by the defendant.
[2] Although an affidavit in opposition to plaintiffs' application was provided by the hearing officer, Steven A. Buchyn, Esq., none of the facts concerning the hearing were detailed in that affidavit, but rather were set forth in the Defendant's Memorandum of Law, also prepared by Steven Buchyn.
[3] The attorney for the school district represented at the hearing on the order to show cause that the third hearing was in fact never held, and was resolved on stipulation.